## WAGNER *vs.* CORKHILL.

Where, in an action to recover money due for work done upon a building contract, the defense is that the building was to be completed by a specified time, and that it was not completed within the time, if it appears that the defendant had the building erected for his own use, and that he was kept out of its use by the plaintiff's failure to perform, on his part, the law will presume that he was damnified, and will give him, by way of compensation, what such use was worth, for the time he was deprived of it.

So if he shows that he was deprived of the privilege of renting the building by the plaintiff's default.

But if it be proved that the defendant did not contemplate using the building himself, or in his own business, but that he caused it to be built for the purpose of renting it to others; and that he did not in fact lose any opportunity of renting it, by reason of the plaintiff's delay, he cannot recoup against the plaintiff's claim, the rents and profits of the building from the time when it should have been, to the time when it was, completed.

THIS is an action to recover money due for work done under a building contract. The defense was that the work and building were to be completed by the 1st day of December, 1860, and were not completed till March 1st, 1861. The language of the contract is : " The party of the second part hereby covenants and agrees with the party of the first part, to do all the *mason work* and *carpenter and joiner work required to erect, build and finish, on or before the first day of December next, a building* according to plans and specifications furnished and to be furnished." The work was completed, so far as the specifications called for, some time in the winter and before February. It took six weeks to complete the extra work. The extra work was not plastered with the rest. It was plastered last. The plastering to the other was finished in November. The extra work could not be done as soon as the rest was, because the plaintiff could not get the defendant to decide how he wanted it done, or consent to pay for it, and it was put off till the last. This work was done principally in December, *and finished* the next month. The upper story was rented to a tenant as soon as it was done. The extra work was done up stairs for his office. The referee found that the plaintiff had perform-

ed his contract, but that it was not completed by the 1st day of December, 1860, nor until the 15th day of April, 1861. That the completion of the work after the 1st day of December was with the defendant's knowledge and without objection by him. That six weeks was a reasonable time to complete the *building* as altered. And that such alterations *were completed within six weeks.* That the balance due and unpaid from the defendant to the plaintiff for the contract price and alteration, was $628.31, and the interest thereon from the 15th day of April, 1861, $29.28, in all $657.59. That the value of the use of the store in said building from the 11th January, 1861, to the 15th of April, 1861, was $191.50, and that the defendant was entitled to recoup the same against the plaintiff's claim. And as a conclusion of law the referee found that after deducting the rent so recouped, from the amount of the plaintiff's claim, he was entitled to judgment against the defendant for $466.09.

The plaintiff appealed from the judgment entered upon the report of the referee.

*W. F. Cogswell,* for the appellant.

*H. Humphrey,* for the respondent.

*By the Court,* JOHNSON, J. The referee has found as a matter of fact, that notwithstanding the extra work required by the defendant, the whole job should have been finished by the 11th of January, 1861, within the spirit and meaning of the contract, and that it was not completed until the 15th of April, 1861.

Assuming that these findings of fact are warranted by the evidence, and also that the value of the use of the building, if it had been, or might have been rented, was $191.50 for those three months and four days, still, I am of the opinion, as the case stands upon the evidence, that sufficient facts are not found by the referee to justify the conclusion of law that

Wagner *v.* Corkhill.

the defendant is entitled to recoup that sum, or indeed any other, against the plaintiff's claim. It is not found either that the defendant wished or expected to use the building himself, or that he might, or could, have rented it to any one between the 11th of January and the 15th of April, had it been finished at the former period. It is plain enough, from the whole evidence, that the defendant did not contemplate using the building himself, or in his own business, but that he caused it to be built for the purpose of renting it to others. This being the case, it is quite obvious that if the defendant could have rented the building on the 11th of January, or at any time between that and the 15th of April, when it was completed, and was unable to rent it for the reason that it was unfinished, he has lost just what he might have obtained for its use, during the time it might and would have been used, had the plaintiff's contract been performed. On the contrary, if the defendant had no opportunity to rent it until after the 15th of April, and could not have rented it had it been finished before, then it is plain that the allowance of the $191.50 by way of recoupment is for a mere speculation, and not a real loss.

Perhaps, in the absence af all evidence on the subject one way or the other, the presumption would be that the building might have been rented, though I incline to the opinion that it was for the defendant claiming for a loss of rents and profits, to show affirmatively, that he had sustained such loss, by reason of the plaintiff's default.

But if such would be the presumption, in the absence of all evidence, it seems to me that it is most effectually rebutted by the evidence which appears in the case. The trial before the referee was on the 26th day of November, 1861, and it appears by the testimony of the defendant that up to that time the building had not been rented, but remained vacant, with the exception of the part up stairs, which appears to have been rented, and occupied, some time before the 15th of April. It further appears from the defendant's

Wagner *v.* Corkhill.

own testimony, that an application was made to him for the store the latter part of April, 1861, and there is not a word of evidence that any application was made at an earlier date, or that it could have been rented before, had it been finished. This application was clearly after the store was finished, according to the finding, and it appears that the parties could not agree upon the terms.

Under such circumstances, before the recoupment could be properly allowed, it should appear by the evidence, and be found as a fact by the referee, that the loss of the rents and profits was caused by the plaintiff's non-performance of his contract. As there is no evidence of that character, it is quite apparent that the finding of the referee " that the value of the use of the store in said building from the 11th January,1861, to the 15th of April, 1861, is $191.50," is founded solely upon the evidence of what the value of the use would be annually, if used. But as it appeared that the building had then been completed over seven months, and that the defendant had not during all that time succeeded in renting it, I do not see upon what principle he was allowed for this quarter and four days' rent, at the rate of $800 per year, without tracing the loss to the plaintiff.

Damages are awarded in law as a compensation for an actual loss, occasioned by some fault of the party against whom they are awarded. But before they can be allowed, the party claiming must show in some way that they have been thus occasioned, either by direct proof of the fact, or by proving a state of facts from which the law will raise the presumption.

If it had been shown that the defendant had the store built for his own use, and that he was kept out of its use by the plaintiff's failure to perform on his part, the law would presume that he was damnified, and would give him, by way of compensation, what such use was worth, for the time he was deprived of it, as buildings of that description are usually rented to others. And so if he had shown that he was deprived of the privilege of renting, by the plaintiff's neglect or

default. The referee adopted the right standard, if he had had the proper facts before him to justify the allowance. (*Griffin* v. *Colver,* 16 *N. Y. Rep.* 489.)

In the absence of any finding upon either of these facts, there is no proper foundation for the legal conclusion adopted, that the defendant was entitled to the recoupment.

The judgment must therefore be reversed and a new trial granted, with costs to abide the event.

[MONROE GENERAL TERM, December 1, 1862. *Johnson, Welles* and *James C. Smith,* Justices.]