COVODE *v.* PRINCIPAAL.

1. BUILDING CONTRACT—BREACH—DEFENSES.

Failure of the owner of a house in process of construction to perform certain work not covered by the building contract will not prevent a recovery from the contractor of the rental value of the house as damages for delay in the completion of the contract, where it appears that the contractor retained control of the premises, and that the work to be done by the owner was of such a character that it could not well be performed until the house was substantially ready for occupancy.

2. SAME—MEASURE OF DAMAGES.

It is not essential to the right of the owner to recover the rental value of the premises that he should show that he actually had an opportunity to rent the house had it been completed, although it be conceded that he did not intend the house for his own occupancy.

Error to Kent; Grove, J. Submitted October 23, 1896. Decided November 17, 1896.

*Assumpsit* by John A. Covode against Henry Principaal and Daniel E. Corbitt for the breach of a building contract. From a judgment for plaintiff, defendant brings error. Affirmed.

*D. E. Corbitt*, for appellants.

*C. B. Blair*, for appellee.

MONTGOMERY, J.   On the 30th of December, 1893, plaintiff, at the request of the two defendants, became the purchaser of a piece of real estate in the city of Grand Rapids, upon which there were a house and barn not fully completed.   The defendants undertook and agreed that they would furnish the proper material, and finish and complete the buildings, in accordance with certain specifications, and in a manner to be approved by William Williamson, architect, and have the same completed within 60 days.   The defendants failed to complete the buildings within the time named, or at any date, but from time to time the defendant Principaal did some work upon the premises, and never gave notice to the plaintiff that he had abandoned the purpose of completing it.   But on the 8th of September, 1894, the plaintiff set to work and completed the buildings, and subsequently brought suit to recover for the cost of their completion, and for damages from the delay occasioned by defendants' failure to complete their contract within the time provided.   He recovered a judgment for both items of damage, and the defendants bring error.

It is contended that inasmuch as there were certain items which the plaintiff expended on the house, and which the court found not covered by the contract, the failure to receive rental during the delayed period was in part due to the failure of the plaintiff to do this work, which consisted of some plumber's work, and that, therefore, the rental is not recoverable.   We think this contention is without force, for the reason that the defendants, down to within a very few days before the work was completed, assumed to keep control of the house, and were from time to time at work upon it.   The court might well have been of the opinion that the plumbing was that kind of work which should not have been put in until the house was substan-

110 MICH.—43.

tially ready for occupancy; and the circuit judge did find as a fact that by reason of defendants' failure to perform their contract by March 1, 1894, as required by their contract, the property remained in an unrentable condition until September 17th, and that, by reason of defendants' said failure and breach of contract, plaintiff lost and was deprived of the use and benefit of said property from March 1, 1894, to September 17, 1894, and that this loss was the direct and proximate result of defendants' said breach of contract and failure to complete and perform their contract within the time specified. We think the circuit judge was justified in deducing these conclusions of fact from the testimony in the case.

The principal contention of defendants is that the plaintiff was not entitled to recover the rental value of the premises, for the reason that the house was not intended for his own occupancy, and that in such case it is incumbent upon him to show that he had an opportunity to rent it, but was prevented from doing so by the default of the contractors. Defendants cite, to support this contention, the case of *Wagner* v. *Corkhill*, 40 Barb. 175. This case has been criticised. See 1 Sedg. Dam. § 186. After referring to this case, the learned author says:

"Rent is given, not as specific damage, but as a fair average measure of compensation for interfering with the owner's use of property, and no inquiry should be permitted as to the likelihood in the particular case of rent having been obtained."

We cannot discover that *Wagner* v. *Corkhill* has been followed by later New York cases. See *Ruff* v. *Rinaldo*, 55 N. Y. 664. And we think the distinction which is sought to be drawn in *Wagner* v. *Corkhill* is unsound. If the fair rental value is the measure of damages in case of contemplated occupancy by the owner, it is clear that the same measure would bear no harder upon the defaulting contractor in case the building is constructed to rent. And to hold that, in order to recover

the rental value in such case, the owner should be required to show that he actually had an opportunity to rent the house if complete, would require such diligence as is not imposed in any analogous case. It would impose upon the owner the duty of offering something which he did not have. In homely phrase, it would be putting the cart before the horse. Until the house was ready for occupancy, it could not be occupied, and could not well be offered for rent. We think the case is within the principle decided in *John Hutchinson Manufacturing Co.* v. *Pinch,* 91 Mich. 156, and *Carnegie, Phipps & Co.* v. *Holt,* 99 Mich. 606, in which latter case the same rule adopted by the trial judge in this case was given to the jury at the circuit, and was approved of in this court.

We discover no error in the record, and the judgment will stand affirmed.

The other Justices concurred.