ELLING ISAACSON *vs*. MINNEAPOLIS & ST. LOUIS RAILWAY COM-
PANY, impleaded, etc.

March 25, 1881.

**Verdict for Items of Damage not pleaded.**—Where, in an action in trespass,
no objection is made on the trial, until after the proofs are closed, that
items of damage, of which evidence is given, are not specifically alleged
in the complaint, the court may disregard the defect in the complaint,
and instruct the jury to find the damages according to the evidence.

Appeal by defendant, the Minneapolis & St. Louis Rail-
way Company, from an order of the district court for Free-
born county, *Farmer*, J., presiding, refusing a new trial.

*John Whytock*, for appellant.

*Lovely & Morgan*, for respondent.

GILFILLAN, C. J.    Action for trespass upon plaintiff's land.
The damage alleged in the complaint was the trampling
upon and spoiling grain growing on the land.    Plaintiff had
a verdict, assessing his damage at $161.50.    The objections
made here to the verdict are that it includes items of dam-
age other than that specifically mentioned in the complaint

—to wit, to grain—and that the court erred in charging the jury that they might consider other items of damage proved. The court did so charge, and as each of defendant's requests refused by the court contained a proposition excluding such other items, the charge and refusal were correct, if it was proper for the jury to consider anything but damage to the grain.

The plaintiff proved apparently all the damages naturally resulting from the trespass complained of, including other items than damage to the grain alone. From time to time objections on various grounds were made to the evidence of damage, but in no instance was it objected that the evidence was not relevant to the allegations of the complaint. That objection was not made until the proofs were all closed, and the court came to the charge. The parties having until that time in the trial proceeded on the theory that the complaint was sufficient to admit the evidence, the court might then have ordered it amended to conform to the proofs, or it might do as it did, disregard the variance, and instruct the jury to find according to the evidence.

Order affirmed.