NOVELTY IRON WORKS, Appellee, v. CAPITAL CITY OATMEAL COMPANY, Appellant.

1. **Appeal:** RECORD: DOCUMENTARY EVIDENCE. Documents which have been properly identified in the reporter's notes and offered in evidence are part of the record on appeal, even though they are not on file, or in the actual custody of the clerk, and not attached to, or incorporated in, the stenographer's report when certified by the judge.

2. **Mechanics' Liens:** SUFFICIENCY OF STATEMENT. Where the statement for a mechanic's lien consisted of four sheets, and the first sheet contained two large debits as of a certain date, followed by several items of credit, showing the date of each, and the balance due on the account, and the second and third sheets showed the items sold on the date of the large debits on the first sheet, and upon which those debits were based, and the fourth sheet contained the verification, *held*, that the statement sufficiently showed the date on which the several items were furnished.

3. **Builder's Contract**: CONSTRUCTION: DELAY: DAMAGES IN SPECIAL CASES. Under a contract to furnish and put in place the machinery for an oatmeal mill, where the owner agreed that, when ready to start, he would furnish all needed help, except a miller, and grain for operation of the mill, *held*, that the start referred to was the start for the purpose of testing the mill, and that the owner could not recover of the contractor the wages paid·an engineer for services during such test, nor for wages paid him prior to the test, but after the date when, by the contract, the mill was to be in good running order, it not appearing that it was necessary to employ him upon wages prior to the test. Also that he could not recover for coal used during the test, but that he could recover the wages paid, prior to the starting of the mill, to a servant whom he had summoned from a distant part of the state, upon being notified by the contractor that the mill was about ready to start.

4. ———: SUPPLYING DEFECTS BY OWNER: DAMAGES. A contract to furnish and put in place the machinery for an oatmeal mill contained an agreement for a brush especially for oats, but a brush of the same make and number, such as is used in flouring mills, was put in. After using it for a while, and finding it unsatisfactory, the owner took it out and supplied its place with a brush of the kind contracted for, and notified the contractor that the brush put in by him was subject to his order. *Held*, that the first brush was the property of the contractor, and that the owner was entitled to recover of him the reasonable cost of the new brush. Also that he was entitled to recover the reasonable cost of changing the dust reels, which ·were insufficient as originally constructed.

5. ———: TEST OF MACHINERY: EVIDENCE. Where a test of an oatmeal mill showed a capacity of forty-five barrels in eleven hours, *held*, that this was sufficient proof that the mill had the capacity of one hundred barrels in twenty-four hours, as provided in the builder's contract.

6. ———: DELAY IN SUPPLYING MACHINERY: MEASURE OF DAMAGES. For the failure of the contractor to complete a mill by the time agreed upon, the measure of damages is the rental value of the mill during the time of the delay, and not the profits, which, under the particular circumstances, the owner might have realized from it during that time; but, in determining the rental value, it is proper to consider the cost of the mill, the wear and tear of the machinery while in motion, and the profits which might be made from its use.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, MAY 24, 1893.

ACTION in equity to enforce a mechanic's lien for material, machinery, and labor furnished for the com-

pletion of an oatmeal mill. The defendant answered, denying that the plaintiff filed with the clerk of the court a statement of its claim, as required by law, and alleging, by way of counterclaim, a failure to complete the mill within the time and in the manner required by the contract, and asking damages. The plaintiff, in reply, denied the counterclaim. Decree was entered in favor of the plaintiff. The defendant appeals.— *Modified and affirmed.*

*St. John & Stevenson* and *J. D. Whisenand,* for appellant.

*Cummins & Wright,* for appellee.

GIVEN, J.—I. The appellee filed an additional abstract and a denial of the appellant's abstract, 1. APPEAL: record: whereby it appears that the mechanic's documentary evidence. lien and contract set out in the petition, and admitted in the answer, were offered in evidence; also a statement from the defendant to the plaintiff of the damages claimed, and that these documents were not filed and left with the clerk as evidence in the case. For this reason the appellee moved to dismiss the appeal, and to affirm the judgment below. The appellant moves to strike this additional abstract because not filed in time. Under the pleadings, and the certificates of the trial judge and reporter, these documents are sufficiently identified. In *Jamison v. Weaver,* 87 Iowa, 72, this court held that documentary evidence which has been properly identified in the reporter's notes and offered in evidence is part of the record on appeal, even though they are not on file, or in the actual custody of the clerk, and not attached to or incorporated in the stenographer's report when certified by the judge. As the appellee's motion to affirm must be overruled, it is unnecessary that we consider the appellant's motion to strike the appellee's additional abstract.

II. The appellant's first contention is that the statement filed by the appellee for a mechanic's lien is insufficient, for that it does not show when the material was furnished or labor performed, and when completed. The statement consists of four sheets,—the first debiting appellant: "1889, Nov. 16. To bill received, $7,310. 1889, Nov. 16. To bill received, $295." Following this are several credits, with the month and day of each, and showing a balance due to the appellee of two thousand, one hundred and three dollars and forty-eight cents. The second sheet, under date of November 16, 1890, gives the three items composing the bill for two hundred and ninety-five dollars. As the statement for a lien was filed April 11, 1890, we conclude that this is a misprint, and that November 16, 1889, instead of 1890, is the date appearing in the second sheet. The third sheet sets out the several items composing the bill for seven thousand, three hundred and ten dollars, as sold to the appellant November 16, 1889; and the fourth is the verification. This statement certainly shows that the several items charged were furnished on November 16, 1889. In *Valentine v. Rawson*, 57 Iowa, 179, the statement did not give any time as that at which the material was furnished. This statement is sufficient in this respect.

III. There is no dispute on this appeal but that the appellee is entitled to be allowed the contract price, seven thousand, six hundred and five dollars, less five thousand, five hundred and sixty-six dollars and ninety-nine cents paid in cash by the appellant. The contentions are as to certain items of the counterclaim disallowed, in whole or in part, by the district court. The contract provides: "Mill to be started by November first, in good running order." The appellee did not complete its work until February 1, 1890. The

2. MECHANICS' liens: sufficiency of statement.

3. BUILDER'S contract: construction: delay: damages in special cases.

appellant alleges that it employed and paid one Shadley, as engineer, the reasonable compensation of one hundred and sixty-five dollars from November 1, 1889, to February 1, 1890, and was damaged in that amount by the appellee's delay in completing the mill; and that Shadley, under the direction of the appellee, was employed from December 6, 1889, in operating the engine for the appellee in testing the mill. Under the contract the appellant agreed as follows: "When ready to start, will furnish all needed help, except miller, and grain for operation of mill." The start here referred to was the start for testing the mill, and not the start after completion. The services of the engineer were "needed help" for the purpose of testing the mill, and the appellant is not entitled to recover therefor, nor for the time for which the engineer was paid previous to starting. The appellant was bound to furnish that help, and it does not appear that it was necessary to have employed him on wages prior to the time his services were required. The case is unlike *Brownell v. Chapman*, 84 Iowa, 504, in that the appellant was bound to furnish the help for which he charges damages. The appellant charges for coal consumed in making steam to test the mill. While coal is not expressly mentioned in the contract, we think its spirit and meaning is that the appellant should furnish the coal. The appellant had employed one Kinney, and, being notified that the mill was about ready to start, notified Mr. Kinney to come from his home, in another part of the state, which he did, and the appellant paid him seventeen dollars and fifty cents, his reasonable wages, while waiting for the appellee to complete the work. In view of the notice that the mill was about ready, the appellant was warranted in calling Mr. Kinney to come, and is entitled to recover the amount paid him.

IV. Under the contract, the appellee was to put in "one number 2 Victor adjustable brush, specially for oats." A number 2 Victor adjustable brush, such as is used in flouring mills, was put in. It is not disputed but that this brush was not "specially for oats," and was not suited to the intended use. The appellant continued to use the brush until about July 1, 1890, when it removed the same, and replaced it with one suited to an oatmeal mill, at a cost of one hundred and sixty-five dollars and notified the appellee that the brush put in by it was subject to its order, and has ever since so held it. While the appellee does not claim that the brush put in was according to contract, it contends that the measure of damages is the difference in the value of the two brushes and that, as the appellant did not prove their values, it can not recover for this item. Such is not the rule, as applied to these facts. The appellant was entitled to a brush such as the contract called for. The appellee failed and refused to furnish such a brush, but furnished one unsuited to the intended use. The appellant must either continue to use the unsuitable brush, or provide itself with a suitable one, which it did, at a necessary cost of one hundred and sixty-five dollars because of the appellee's failure to perform its contract. The value of the brush furnished by the appellee may have been equal to or greater than the one purchased by the appellant, but that did not make it suitable "specially for oats," nor of value to the appellant. By the notice that the brush put in by the appellee was subject to its order, the appellant made all the return thereof that it was required to make, and the brush thereafter was the property of the appellee, and subject to its control. Under the facts the case is not different from what it would have been had the appellee failed to put in any

brush.    We think the appellant is entitled to be allowed the reasonable expense of putting in a brush such as the appellee agreed to put in, which we find to be one hundred and sixty-five dollars.

The appellant claims twenty dollars, the cost of correcting defects in the dust reels.    It is evident that these reels were insufficient, as originally constructed, when the mill was run near its capacity.    The change in the reels was necessary, and the reasonable cost, twenty dollars, should be allowed to the appellant.

V. The appellee agreed "that the mill, as a whole, shall have a capacity of one hundred barrels of good merchantable meal in twenty-four hours." It appears that, in the process of manufacturing oatmeal, the oats are dried by being passed over a series of pans heated by steam.    The appellant contends that the drying kilns or pans put in by the appellee did not have the required capacity; that only grain enough could be dried to produce eighty barrels of meal in twenty-four hours.    The appellee contends that the evidence shows that, properly managed, the kiln had the required capacity.    We will not discuss the evidence relating to this question of fact further than to say that the test made, where forty-five barrels of meal were made in eleven hours, satisfies us that, with a sufficient supply of steam, grain enough could be dried in the kiln to produce one hundred barrels of meal in twenty-four hours.    The appellee is not responsible for any lack in the supply of steam.    Our conclusion is that this item was properly disallowed.

*5. ——: test of machinery: evidence.*

VI. The appellee was bound, by the contract, to have the mill ready to be started November 1, 1889, in good running order.    This it failed to do, and did not have its work completed, and the mill in good running order until February 1, 1890.    The appellee does not question but that the appellant is entitled to be allowed

*5. ——: delay in supplying machinery: measure of damages:*

proper damages for this delay, but the contention is as
to the measure of damages. The court below allowed
the appellant three hundred and fifty dollars as the
rental value of the mill during these months. The appel-
lant contends that it is entitled to recover the profits
which it is shown it could have made during that time
had the mill been completed as agreed. As showing
the profits, evidence was introduced as to the cost of
oats, the cost of manufacturing, and the price of oat-
meal. It is claimed that, oats being low and meal high,
the appellant would have made a profit of one dollar
per barrel, or one hundred dollars per day.

The appellee contends that the measure of dam-
ages is the rental value of the mill. Many authorities
are cited, but, as the contention is fully answered in
*Brownell v. Chapman*, 84 Iowa, 504, we do not here
notice the other cases referred to. That was a counter-
claim for damages for a failure to furnish boilers for a
steamboat at the time agreed. This court, after an
extended review of the cases, held that the measure of
damages was the rental value of the boat. While it is
true that the cost of the mill, the depreciation, or oth-
erwise, of its machinery while in operation, and the
profits that could be made with the mill, are proper to
be considered in arriving at the rental value, neither
constitutes the measure of damages. Here, as in
*Brownell's case*, "we must keep in view the rule uni-
versally recognized, that the damage for breach of con-
tract must be limited to such as would naturally come
within the contemplation of the parties at the time the
contract was made." Surely, those parties did not then
contemplate that oats would be low and meal high,
and, therefore, the profits large. They must have con-
templated that a failure to complete the mill in time
would deprive the appellee of the use of the mill, and
that the damages would be the value of that use, name-
ly, the rental value. The court below allowed the appel-

lant, as the rental value for the three months, three hundred and fifty dollars; being one hundred and sixteen dollars and sixty-six and two-third cents per month. The witnesses differ widely in their estimates of the rental value; some basing their estimates on profits, placing it at twenty-five dollars per day, and others, estimating on the investment, placing as low as eight per cent. thereon.' As we have seen, neither, taken alone, is a correct basis, yet both are proper to be considered in arriving at the rental value. The appellant had about eight thousand, five hundred dollars invested in machinery, eight per cent. on which would be six hundred and eighty dollars per year, or fifty-six dollars and sixty-six and two-thirds cents per month. Add to this sixty-five dollars per month, paid by the appellant as rental for the building and we have, according to the lowest estimate, one hundred and twenty-one dollars and sixty-six and two-thirds cents as the rental value per month, being fifteen dollars more than was allowed. We think the fair conclusion from all the evidence is that the reasonable rental value of the mill, as it was, to be for the months of November and December, 1889, and January, 1890, two hundred dollars per month. The appellee in argument refers to an additional abstract, showing the state of the pleadings, and argues therefrom that the appellant is not entitled to this item of damage as claimed under the pleadings. We do not find such additional abstract, and presume that the argument was made in anticipation of an additional abstract that was not filed. Under the pleadings as shown in the abstract, the appellant is entitled to be allowed on this item according to the measure of damages in such cases, which is the rental value of the mill as it was to be.

Our conclusion is that the appellant is entitled to be allowed four hundred and fifty-two dollars and fifty cents on the counterclaim, in addition to the amounts

allowed by the district court, that this amount be deducted from the one thousand, one hundred and seventeen dollars and fifty-one cents found in favor of the appellee, and that, thus modified, the judgment of the district court is AFFIRMED.