LYDIA M. HULL v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 14, 1896.

Nos. 9801—(38).

**New Trial—Surprise.**

It is well settled that new trials on the ground of surprise occurring at the trial which ordinary prudence could not have guarded against should be granted with great caution, and that granting or refusing motions founded on this ground rests on the sound discretion of the trial court. *Held,* under all the circumstances of the case at bar, that in denying a motion based on this ground there was no abuse of this discretion in the court below.

**Same—Misconduct of Juror—Conflicting Affidavits.**

*Held,* further, that no reason exists for disturbing the action of the trial court when it passed upon conflicting affidavits relating to alleged misconduct of a juror pending the trial.

Appeal by plaintiff from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Affirmed.

*F. D. Larrabee,* for appellant.

*Koon, Whelan & Bennett,* for respondent.

COLLINS, J. In the court below plaintiff's counsel moved for a new trial upon nearly all of the statutory grounds, but on argu-

[1] Reported in 67 N. W. 218.

ment here abandoned all but two; one of these being surprise which ordinary prudence could not have guarded against, and the other misconduct of a juror during the trial.

In disposing of the one first mentioned we shall not undertake, for it is unnecessary, to formulate a rule for the government of trial courts where surprise is urged as a ground for a new trial, nor shall we express any opinion in respect to the rules which have been laid down by the courts as to what constitutes legal surprise within the meaning of the statute. A number of rules may be found stated in Hayne, New Trials, § 84; Baylies, New Trials, 532; 3 Graham & W., New Trials, 895–968; 16 Am. & Eng. Enc. Law, 546, and cases cited. Unquestionably it is well settled that new trials on the ground of surprise should be granted with great caution, and granting or refusing motions founded on this ground rests in the sound discretion of the trial court, and an appellate court will not disturb its action except for a clear abuse of such discretion. 16 Am. & Eng. Enc. Law, 516; Hayne, New Trials, § 86, and cases cited. This last remark is particularly true when the court below has passed upon the merits of conflicting affidavits, as it has in this case.

This was a personal injury action, in which there have been five trials. At three of these there were disagreements of the juries. Once plaintiff had a verdict, which was set aside by the court, and at the last trial the verdict was for defendant. We have examined the evidence produced upon the last trial, and, putting entirely aside that given by the witness Erickson, alleged by counsel to have surprised them, do not hesitate in saying that it was strongly in defendant's favor, although it might have sustained a verdict for plaintiff. So, upon the record, we are unable to see that there is any reasonable probability that the result would be affected if a new trial should be granted and Erickson's testimony wholly contradicted, impeached, or excluded. Under all of the circumstances, considering the fact that three juries have disagreed; that plaintiff, with five trials, has had a verdict but once; that the last verdict was in defendant's favor; that, excluding all consideration of Erickson's testimony, the preponderance of evidence was in defendant's favor,—it can hardly be said that the court below abused its discretion when refusing a new trial, although it be admitted that the appearance of a person for the first time at the fifth trial,

who claimed that he saw the occurrence, was wholly unexpected by plaintiff's counsel. We do not hesitate to say that, taking all of the circumstances into consideration, there was no abuse of discretion on the part of the court below.

By the moving affidavit of Stone, who was one of plaintiff's witnesses, and the opposing affidavit of the juror Severance, accused of misconduct, a question of fact was raised, to be determined by the court below. As the court denied plaintiff's motion for a new trial as a whole, we are safe in assuming that it passed on the issue of fact presented by the contradictory affidavits, and decided that issue in defendant's favor. There is no reason why the finding should be reversed.

Judgment affirmed.