GUSTAV MARTINI v. NIELS CHRISTENSEN and Others.[1]

July 15, 1896.

Nos. 9994—(251).

**Appeal—Sufficiency of Evidence.**

Evidence considered, and *held* sufficient to justify the finding of the trial court.

Action in the district court for Ramsey county. The case was tried upon the issues between plaintiff and defendant Arend before Willis, J., who found in favor of said defendant. Upon the hearing of the motion of plaintiff for a new trial, the court suggested that the motion would necessarily be granted, unless the answer of defendant Arend should be amended so as to contain allegations of fraudulent conduct on the part of defendant Christensen and his agent, corresponding to the facts as found. Thereafter, upon motion of defendant, an order was made granting leave to amend the answer as suggested, whereupon an order was made denying a new trial. From both orders, plaintiff appealed. Affirmed.

*William G. White*, for appellant.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

BUCK, J.[2] The plaintiff is the assignee of a real-estate mortgage made by the defendant Christensen, who afterwards conveyed the premises to the defendant Arend; and, by the terms of the deed, Arend assumed and agreed to pay the mortgage of $1,600. This action is brought to recover the amount of the mortgage indebtedness.

The defendant Arend alone answered; and in his answer originally drawn and served he alleged, in substance, that the assumption clause was inserted by the mistake of the scrivener who drew the deed, and by the mutual mistake of all the parties to the transaction. At the commencement of the trial, Arend asked leave to amend his answer, by inserting therein, after the words "by mutual mistake and inadvertence of all the parties to said transaction," the words "and fraud of the grantor." This amendment was granted by the court. It appears that the property conveyed to Arend was purchased by him in

---

[1] Reported in 67 N. W. 1019.    [2] Mitchell, J., absent, took no part.

exchange for real estate conveyed by Arend to Christensen, and that in the transaction one Frederickson acted for Christensen, and one Schwabe for Arend, the latter not being present; and he gave specific instructions to Schwabe to have the conveyance so drawn that it would not bind Arend to pay the mortgage. Prior to the execution of the deed containing the assumption clause, a written contract had been made between the parties for the exchange of the property, which contained no assumption clause. After the execution of the deed, Schwabe took the deed, and had it recorded, and several weeks thereafter it came into the possession of Arend, who read it, but was ignorant of the meaning of the assumption clause, which provides that the conveyance is made subject to a first mortgage, for the sum of $1,600, and a second mortgage, of $400, giving dates, and when and where recorded, and also contains these words: "Said described mortgages and interest thereon the second party hereby assumes." Arend did not say anything to any one about this clause until just before this suit was brought.

When the defendant rested, the plaintiff did not raise any question as to the sufficiency of the evidence to establish fraud or mutual mistake, either by submitting the case to the court for its decision thereon, or by motion for judgment, but voluntarily proceeded to introduce evidence of the entire transaction, including the question of fraud; and this evidence, together with that introduced by the defendant Arend, both before and after the defendant rested, was sufficiently conclusive to justify and sustain the finding of the trial court that Christensen fraudulently caused the assumption clause to be inserted in the deed, with the intent to defraud Arend, and that he was entitled to judgment against the plaintiff. The question, therefore, of a subsequent amendment to make the pleading conform to the facts proven, is entirely immaterial. The court had a right to find the facts, as presented by plaintiff, upon an issue voluntarily litigated by him.

Order affirmed.