HERMAN D. MAUL v. WILLIAM E. STEELE.[1]

June 23, 1905.

Nos. 14,363—(114).

**Amendment of Pleadings.**

Where parties voluntarily litigate issues of fact, upon which the trial court bases conclusions of fact fairly justified by the testimony, it has the power to amend the pleadings, after trial, in accordance with the facts.

Action in the municipal court of Minneapolis to recover $220, and interest, for services rendered at defendant's request between March 24 and June 1, 1898. Defendant pleaded an account stated and payment. The case was tried before Dickinson, J., who found as facts that during a period of twelve years prior to June 1, 1898, plaintiff rendered services to defendant at his request for a stipulated salary, and that on that day there was due plaintiff $901.72 on account thereof; that no part of this sum has been paid except $681.72, $80 of which was paid in April, 1902. The court ordered the complaint amended to conform to the facts found and directed judgment for plaintiff for $220, with interest from May 1, 1902. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Tryon & Booth,* for appellant.

*Geo. F. Porter* and *Dan E. Richter,* for respondent.

JAGGARD, J.

In this case the court found a state of facts upon which the plaintiff was entitled to recover, and directed an amendment to the pleadings to conform to such facts. These findings were reasonably sustained by the evidence. This appeal was based on the proposition that there was not a mere variance between the pleadings and proof, but a failure of proof of the cause of action set up in the complaint, which could not be cured by amendment. The only material objection to evidence offered was that one question was "incompetent, irrelevant, and immaterial." This objection was too general in character to avail on this

[1] Reported in 104 N. W. 4.

appeal. Moreover, testimony was introduced by both plaintiff and defendant concerning every essential element of the case. The parties having litigated by consent the issues upon which the trial court based its findings, the court was within its familiar powers as to amendment. Adams v. Castle, 64 Minn. 505, 67 N. W. 637; Board of Co. Commrs. of St. Louis County v. American L. & T. Co., 75 Minn. 489, 495, 78 N. W. 113; Gaar, Scott & Co. v. Brundage, 89 Minn. 412, 94 N. W. 1091; Lemon v. De Wolf, 89 Minn. 465, 468, 95 N. W. 316.

What has been said as to the failure of the objection to one question because of its general character disposes of the other assignment of error presented by this record.

Order affirmed.