JOHN E. ANDRUS v. DYCKMAN HOTEL COMPANY.

JOHN E. ANDRUS v. CHARLES D. COLLINS and Others.[1]

July 17, 1914.

Nos. 18,605—18,391—(150, 52).

**Defense unavailable.**

 1. Illegality of a lease as contemplating violations of the liquor laws,

[1] Reported in 148 N. W. 566.

126 M.—27.

*held* not available as a defense in an action thereon, where it neither appeared from the complaint nor was alleged in the answer, and was not litigated by consent.

**Same — evidence pertinent to other issues.**

2. Consent to try such issue was not inferable from the mere fact that evidence pertinent thereto was received without objection, where it was also relevant to other issues formally made.

**Findings sustained by evidence.**

3. The evidence sustained the findings of all the issues in plaintiff's favor..

**Discretion of court — denial of various motions.**

4. The trial court did not abuse its discretion in denying defendant's applications, variously made after order for judgment and also after entry thereof, to amend the findings, to extend the stay of proceedings previously granted, to fix the amount of supersedeas bond on appeal, for leave to amend and interpose supplemental answers and cross-bills, for temporary injunction and for opening and vacation of the judgment entered, etc.

Two actions in the district court for Hennepin county. The cases were consolidated by order of court and tried before Hale, J., who made findings and ordered judgment for $116,870.61 against defendant hotel company and for specific performance against defendants Collins. Defendants' motion to amend the findings or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. From an order denying their motion to vacate the judgment and amending and supplementing their answers and crossbills and for a new trial, defendants appealed. From an order denying their motions for a temporary injunction and for leave to file a supplemental answer and crossbill, defendants appealed. Affirmed.

*Mercer, Swan & Stinchfield,* for appellants.

*Fiske & Cross,* for respondent.

PHILIP E. BROWN, J.

Plaintiff brought two actions, one against the Dyckman Hotel Co., of Minneapolis to recover for rent and taxes paid under a written lease dated May 1, 1909, of the hotel property, to defendant Collins and by him assigned to the hotel company; the other against

the same defendant and Collins and wife to enforce specific performance of a covenant by the lessee, contained in the same lease, to assign to plaintiff another lease, made to Collins, of property adjoining the hotel and controlling its light and air. After consolidation and trial to the court by consent, it found for plaintiff in a sum exceeding $100,000, and also directed specific performance. Defendants appealed from the judgment on January 15, 1914.

There was no dispute as to the leasing, the accrual and nonpayment, in money, of rents and taxes in accordance with the terms of the lease sued on, or that the latter contained a covenant, in terms, to assign the other lease. The defenses interposed in the answer in the first action were, in substance: (1) That a material inducement for the execution of the lease consisted in plaintiff's fraudulent representation that arrangements had been made whereby liquors could be sold in connection with the hotel by means of a tunnel under the street to a bar on the other side, within the saloon limits, the hotel itself being without; that defendant was thereby induced to pay a very large rental, and the failure, through plaintiff's fault, to obtain such bar resulted in a partial failure of the consideration for the lease, aggregating $81,000, which defendant sought to counterclaim; (2) that prior to the leasing plaintiff orally guaranteed the cost of the hotel would not exceed a certain sum, it being agreed that the actual cost, not exceeding such amount, should be accepted as the basis for computation of rent, whereas in fact a much larger sum, exceeding the actual cost, was fraudulently inserted in the lease, thereby increasing the rentals actually paid, thus entitling defendant to damages, also counterclaimed; (3) that the lease did not conform to the previous oral agreements of the parties in regard thereto, and its execution was induced by undue influence and plaintiff's fraudulent representations that it was in accordance with such agreements. In the second case the answer contained substantially the same averments and, in addition, that no agreement to assign the other lease was ever made, the covenant to such effect in the lease sued on having been fraudulently inserted, as well as a provision mortgaging the chattels in the hotel to plaintiff.

The court found, on June 27, 1913, the lease to be a legal and

binding obligation, entered into without fraud, undue influence or improper conduct on plaintiff's part, resolved the issues in accordance with plaintiff's claims, denied defendant relief, and ordered judgment as above stated. On July 14, 1913, the court denied defendant's motion to amend the findings so as to show that the lease was tainted with illegality because it contemplated sales of intoxicating liquors in the hotel during the term, and for a new trial, and also to extend a stay of proceedings theretofore granted, and to fix the amount of a supersedeas bond on appeal. On July 16 thereafter judgment was entered in accordance with the findings. Subsequently, on July 24, defendants moved for leave to interpose a supplemental answer and cross-bill, and for an injunction to restrain the running of notices given to terminate the lease, proceedings under execution issued on the judgment, and conversion of the name and good will of the hotel, until the proceedings taken upon this supplemental answer and cross-bill were finally determined, and also for a new trial upon the issues made thereby and upon all the issues in the cause "as they will stand when the complete issues are made up." This application was denied *in toto* on July 28, and defendants appealed from the order. Later defendants appealed from an order, of date January 14, 1914, denying their application made January 10, 1914, for leave to amend and supplement the answer and cross-bill by setting up in both actions an agreement, of date December, 1912, by plaintiff with one Tremain to make a lease of the hotel property to the latter and a sale of its furniture and equipment to him—being the same property covered by the chattel mortgage clause of the lease sued on—for over $106,000, and seeking to have such amount applied as against plaintiff's claims, if any, for rent and taxes, and also for a new trial upon the issues made by such amended and supplemental pleadings, and for the opening and vacating of the judgment theretofore rendered.

Defendants, by various assignments of error, in effect, challenge the action of the court in refusing to find and to hold the lease void for contemplated violations of our liquor laws; in failing to reduce the rent because of the loss of a liquor sale privilege; in refusing to allow defendants to show plaintiff's sale, to Tremain, of the hotel

furniture and fixtures covered by the mortgage in the lease, and that such sale paid the rent theretofore justly accruing; in finding any amount due plaintiff; in granting specific performance of the cove-- nant to assign the other lease; in denying the several applications to amend and supplement their pleadings and for injunction, and in making the several orders appealed from.

1. As to the claim of the lease being illegal, no such defense was interposed. Hence on the pleadings the case is within the rule that where illegality of contract is relied on, but does not appear from the complaint, a state of facts must be pleaded in the answer showing that no recovery can be had. Woodbridge v. Sellwood, 65 Minn. 135, 67 N. W. 799; Dodge v. McMahan, 61 Minn. 175, 63 N. W. 487; Van Dusen-Harrington Co. v. Jungeblut, 75 Minn. 298, 77 N. W. 970, 74 Am. St. 463. Not only do the answers fail to allege such matter, but, on the theory of a valid subsisting con- tractual relation between the parties, they assert an affirmative claim for damages by way of reduction of the amount of the rentals be- cause saloon privileges on the opposite side of the street were not furnished pursuant to an oral understanding of the parties in that regard. This claim of taint seems first to have been raised after close of the testimony (see paper book, page 978). The court then denied defendants' application to dismiss on this ground, and also one to amend the answers by incorporating such defense, neither of which rulings are assigned as error. However, the court did not err in refusing to find the facts as to the claimed illegality of the con- tract; for the general rule that findings, if duly demanded, must be made upon matters in issue or litigated by consent (Turner v. Fry- berger, 99 Minn. 236, 239, 107 N. W. 1133, 108 N. W. 1118, 109 N. W. 229; First Nat. Bank of Boston v. Towle, 118 Minn. 514, 522, 137 N. W. 291) is inapplicable to the questions claimed to have been so litigated, unless it appears very clearly that the parties did in fact, and without objection, litigate the issue not pleaded as though it had been properly raised. *Prima facie* the issues to be tried are those made by the pleadings, and consent to try others can- not be inferred merely from the fact that evidence pertinent there- to was received without objection, if such was also pertinent to other

issues formally made. 2 Dunnell, Minn. Dig. § 7675. Otherwise surprise and injustice would result. The court might well have been of opinion that the evidence offered should be considered as relating to defendants' counterclaim for diminution of rent on account of the alleged failure to furnish the hotel with a bar within the saloon limits.

2. We are next brought to a consideration of the sufficiency of the evidence to sustain the findings. The record, containing over 1,000 pages of evidence, has been examined. As said by Mr. Chief Justice Start in Wunder v. Turner, 120 Minn. 13, 16, 138 N. W. 770, 771, referring to the voluminous testimony there brought up for consideration, its bulk "makes this case a proper one for the application of the rule that it is not the duty of an appellate court to demonstrate, by a review of the evidence, the correctness of the findings of fact by the trial court." See also Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. We hold the evidence sustains the findings.

3. There was no error in refusing to allow defendants to show that plaintiff had sold the furniture and fixtures covered by the mortgage in the lease for more than $106,000. If defendants had so proved, in no event would it have amounted to a payment on the rent, but at most would have constituted a mere counterclaim or offset. "There is no such thing as setting up one right of action in bar to another right of action." Cooper v. Simpson, 41 Minn. 46, 48, 42 N. W. 601, 4 L.R.A. 194, 16 Am. St. 667. Moreover, this and all applications to amend and supplement the pleadings and for other relief, except new trial, specified in the several motions made subsequently to the order for and also the entry of judgment appealed to the discretion of the trial court, and we find no abuse in its determinations.

Judgment and orders affirmed.