# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

R. W. TROUTMAN AND OTHERS v. MELVIN L. GATES AND OTHERS.

FIRST STATE BANK OF PERLEY, APPELLANT.[1]

January 23, 1920.

No. 21,380.

**Negligence of bank.**

1. A bank in Iowa negotiated for a purchase from a resident of Minnesota of his interest in a contract of sale of Minnesota land. Being ignorant of a certain second mortgage upon the land, the Iowa bank computed the amount to be paid at too large a sum. It remitted the amount computed to a bank in Minnesota, with directions to pay it over, only upon execution by the vendor of a certain assignment of his interest in the contract, which proposed assignment contained a representation that the land was subject only to the first mortgage. The Minnesota bank paid the money over without procuring the execution of this assignment. The Minnesota bank knew of the existence of the second mortgage. The assignor is now insolvent.

**Same — finding supported by evidence.**

2. The evidence sustains a finding that the Minnesota bank was negligent and that its negligence caused the loss of the amount paid over in excess of the amount due.

**Amendment of complaint after trial to conform to the proof.**

3. The issue of negligence was not pleaded, but, at the conclusion of the evidence, plaintiffs asked leave to amend their complaint to conform

[1]Reported in 176 N. W. 187.

145 M.—1.

to the proof and so as to raise this issue. The court ruled that the amendment would be allowed, submitted the special issue of negligence to a jury, and later allowed the amendment and made findings for plaintiffs. The allowance of this amendment and the consideration of this issue were within the discretion of the court. Where evidence is received without objection that it is not admissible under the pleadings, the court may, in its discretion, order the complaint amended, even after trial, to conform to the proof.

Action in the district court for Clay county to cancel the mortgage mentioned in the fourth paragraph of the opinion and the foreclosure thereof; or, if that relief be denied to plaintiffs, to recover $2,152.33. The case was tried before Nye, J., who at the close of the testimony denied defendants' motion that the court make findings on the merits and dismiss the suit as to them, and a jury which returned an affirmative answer to the question whether the Perley bank was negligent in paying to defendant Gates the $2,198.15 remitted to it by the Hawarden-bank. The court made findings and ordered judgment in favor of plaintiffs as stated in the ninth paragraph of the opinion. The motion of defendant First State Bank of Perley to amend the findings was denied, Parsons, J. From an order denying its motion for a new trial, that bank appealed. Affirmed.

*Christian G. Dosland,* for appellant.

*Charles S. Marden* and *Snell & Randall,* for respondents.

HALLAM, J.

1. In 1913 John O. Gaare sold 190 acres of land in Clay county, under a land contract, to defendant Gates, for $6,840.

On July 19, 1913, Gates sold the same land to plaintiffs Troutman, husband and wife, who lived at Hawarden, Iowa, for $10,640, under contract providing that $3,500 be paid down, a mortgage of $1,000 assumed, a second mortgage for $2,000 given, and $4,140 paid June 1, 1914.

On July 22, 1913, Gaare gave a warranty deed to Gates conveying the land subject to $1,000. This deed was recorded September 22, 1914.

On November 18, 1913, Gates gave to Gaare a mortgage for $3,640 of the purchase money. This was recorded December 30, 1913. On January 9, 1914, another mortgage for the same amount was given to correct an error in description. This was recorded June 23, 1914.

On November 28, 1913, Gates borrowed $800 from the defendant Bank of Perley, and assigned the Troutman contract to the bank as security. In January, 1914, Gates went to Hawarden, Iowa, to try and sell his interest in the contract. On his agreement to sell at a discount, Mr. Troutman procured the plaintiff bank to advance the necessary money for him and to take over an assignment of Gates' interest in the contract. Between Gates, Troutman and plaintiff bank, the amount due Gates, over the $3,000 incumbrance provided in his contract, was computed. The amount due the Perley bank was $1,013.25. A draft was drawn in favor of the Perley bank for this. Except for the $3,640 mortgage, a balance would have remained due Gates of $2,198.15. Plaintiff had no actual knowledge of the $3,640 mortgage. Defendant bank knew all about it. Its cashier was a son of John O. Gaare. Correspondence had passed between Mr. Troutman and the Perley bank in which the bank offered assistance in looking after his "interest here." When the Hawarden bank made remittance to defendant Perley bank of the amount due it from Gates, it also inclosed a draft payable to the Perley bank for $2,198.15, with a letter containing this direction: "Which amount is to be paid to Mr. Gates upon his executing the order and assignment sent herein." The order is not of great importance here. The assignment was not produced, but secondary evidence of its contents was produced, to the effect that it was an assignment, to the Hawarden bank, of the contract from Gates to Troutman, and that the form was such as to "put Mr. Gates on oath that the land was free and clear of all incumbrance except a $1,000 mortgage."

The Perley bank deposited this draft to Gates' account and permitted him to draw the amount without procuring from him the execution of the order or the assignment. It sent to the Hawarden bank only an assignment by itself of the contract assigned to it by Gates as collateral security for a debt of which the remittance of $1,013.25 paid in full. The result was an overpayment to Gates of $1,640. Gates is insolvent.

This action was commenced to cancel the $3,640 mortgage from Gates to John O. Gaare as fraudulent. The mortgage has been foreclosed and the premises sold for $4,152.33. If this relief was denied, the complaint asked judgment for $2,152.33, evidently the difference between the

amount of the sale and the $2,000 mortgage which the Troutmans were to give.

Plaintiff asked the court to submit certain issues to a jury. A jury was impaneled. On the trial it became apparent that John O. Gaare was not a party to any fraud. At the conclusion of the evidence, plaintiffs asked leave to amend their complaint to conform to the proof so as to charge that defendant Bank of Perley was negligent in paying over to Gates, or on his check, the amount of the draft for $2,198.15. The court ruled that the amendment would be permitted and submitted to the jury the question whether defendant was so negligent. The jury answered the question in the affirmative. After the trial, the amendment was allowed. Later the court made findings for plaintiffs, confirmed the finding of the jury, and ordered judgment against the Perley bank for the $1,640 overpaid to Gates with interest. From an order denying a motion for a new trial defendant bank appeals.

2. The evidence is sufficient to sustain the finding that the Perley bank was negligent in paying over to Gates the full amount of the draft of $2,198.15. The Perley bank had explicit instructions to pay over the money only on procuring from Gates an assignment or transfer of his interest in the land. Without this, plaintiff had no muniment of title. The assignment by the Perley bank of its interest was a nullity. Its interest was, in effect, a satisfied mortgage. Gates was left with his interest in the land still in his name, and was free to deal with it as he pleased. Had the Perley bank undertaken to procure from Gates the assignment demanded, it is probable it would not have been given without proper distribution of the money forwarded, for the execution of the assignment would have put Gates "on oath" that the land was free from all incumbrance, except a $1,000 mortgage. It is not to be supposed that Gates would have executed such an instrument. The fact that the $3,640 mortgage was recorded does not seem to us of great importance on the question of negligence.

3. Defendant bank contends that the court erred in permitting the complaint to be amended so as to raise the issue of negligence, an issue not originally pleaded, and in determining this issue. These two contentions may be considered together. They stand or fall together. If it was

proper to permit an amendment, it was proper to submit the issue raised by it.

We think the whole matter was within the discretion of the trial court. The evidence of the facts which bear upon the issue of negligence was received without objection that it was inadmissible under the pleadings. Much of it was the evidence of the bank's cashier. It is not contradicted, and it is not clear how it could be. So far as the record shows, there was no suggestion of a postponement to enable defendant to produce further evidence.

The rule is that where evidence is received on the trial, without objection that it is not admissible under the pleadings, the court may, in its discretion, order the complaint amended to conform to the proof. Isaacson v. Minneapolis & St. L. Ry. Co. 27 Minn. 463, 8 N. W. 600; Maule v. Steele, 95 Minn. 292, 104 N. W. 4. The amendment may be made after trial, Dougan v. Turner, 51 Minn. 330, 53 N. W. 650; even after judgment, Briggs v. Rutherford, 94 Minn. 23, 101 N. W. 954; Adams v. Castle, 64 Minn. 505, 67 N. W. 637; Red Lake Falls Milling Co. v. City of Thief River Falls, 109 Minn. 52, 122 N. W. 872, 24 L.R.A. (N.S.) 456, 18 Ann. Cas. 182.

Order affirmed.