## H. F. SWARD v. ALICE C. NASH AND OTHERS.[1]

January 20, 1950.

No. 34,941.

*Strong, Strong & Tully,* for appellant.
*O. A. Brecke,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Plaintiff is a building contractor. He sought a mechanic's lien in the amount of $1,793.95 for services and material furnished defendant Alice C. Nash in the erection of a commercial garage. Defendant Nash (hereinafter referred to as defendant) disputed the

terms of the oral contract under which plaintiff claimed a lien and asserted that plaintiff was entitled to no lien because he claimed more than was due him; that the work was defective and not in accord with the terms and conditions of the contract; and that plaintiff left the work voluntarily before completion of the building in violation of the contract. Defendant counterclaimed for loss of additional rent from the new building because of plaintiff's alleged failure to complete it on time and for sums expended to correct defects in the building caused by plaintiff's faulty workmanship. The trial resulted in findings and in a verdict for plaintiff for $1,500. Defendant's motion for a new trial was denied, and she appeals from the judgment entered pursuant to the findings and verdict.

Defendant assigns several errors, some of which do not require extended discussion.

1. The trial court charged that plaintiff had substantially performed the contract in suit. Defendant contends that this was an issue of fact for the jury, and, further, that this was an adoption of plaintiff's view of the terms of the contract and a determination that plaintiff had not intentionally violated his contract; that the latter facts were also for the jury's determination; and that, because the instruction assumed their existence, it was erroneous, citing Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129.

We believe that the charge did assume the existence of the facts set out. The question is whether decision of them should have been left to the jury. The exact terms of the contract being in dispute, the court's direction compels the jury to the conclusion as a matter of law that there was substantial performance of any contract which the facts warranted them in finding. The rule in this state, in the case of building contracts, is that if the facts show that a contractor has substantially performed his contract, although there were minor defects in his work, he is entitled to recover the contract price, less the sum necessary to cure the defects. Leeds v. Little, 42 Minn. 414, 44 N. W. 309; Snider v. Peters Home Bldg. Co. 139 Minn. 413, 167 N. W. 108; McClure v. Village of Browns Valley,

143 Minn. 339, 173 N. W. 672, 5 A. L. R. 1168; Independent School Dist. v. A. Hedenberg & Co. Inc. 214 Minn. 82, 7 N. W. (2d) 511. However, the doctrine of substantial performance does not apply when the omissions or departures from the contract are intentional or so substantial as not to be capable of remedy, so that even though the owner received an allowance out of the contract price he still would not receive what he contracted for. Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845, 9 L. R. A. 52. If the contract is entire and performance is wilfully abandoned before completion, there can be no recovery on the contract or in *quantum meruit*. Johnson v. Fehsefeldt, 106 Minn. 202, 118 N. W. 797, 20 L.R.A.(N.S.) 1069; Groves v. John Wunder Co. 205 Minn. 163, 286 N. W. 235, 123 A. L. R. 502; Ylijarvi v. Brockphaler, 213 Minn. 385, 7 N. W. (2d) 314.

Assuming the contract here to be entire, it is apparent that if there was evidence which would permit a jury to find that plaintiff wilfully and without excuse abandoned the job before it reached the state of completion required by any contract which may have existed between the parties then the charge did assume a fact in issue and there must be a reversal. See, Burnett v. G. N. Ry. Co. 76 Minn. 461, 79 N. W. 523; Wiester v. Kaufer, 188 Minn. 341, 247 N. W. 237; 6 Dunnell, Dig. § 9781, and cases under note 37. However, it is our opinion from an examination of the record here that no such issue was presented to the jury, as the record indicates to us a substantial performance, under our rules, of any contract which the testimony might have permitted the jury to find. We do not consider the court's instruction on this point as reversible error.

The exact terms of the contract are in dispute. Plaintiff and his wife testified that the agreement was made orally at plaintiff's home on December 18, 1945, that he was to work only until April 1, 1946; that he was to receive a $750 flat fee for supervision of the work and, in addition, was to receive $75 per week as a working foreman; that his work was to involve only the structure proper and did not include plumbing, heating, and electrical construction; and that defendant was to furnish the materials for the job. Defend-

ant's agent, D. P. Blomquist, who acted for defendant in all matters involved in this case, denied that there was any agreement for weekly compensation. However, this issue was left to the jury, who allowed plaintiff weekly compensation in addition to the $750. In connection with the amount of work contemplated by the contract, Blomquist testified that the understanding was that the building could be *substantially* completed and that at the time the contract was made he told plaintiff that he could "see most of the materials to substantially complete that building." When asked what state of completion the building had reached when plaintiff left the job, Blomquist testified that the doors, windows, interior and electrical work, floor, and plumbing were incomplete. However, on cross-examination, he indicated that the plumbing and electrical work was to be done by others. It appears that plaintiff was not a plumber or an electrician. Defendant does not contradict plaintiff's contention that the original agreement did not require the construction of a new floor and that the old floor was to be used. Accepting Blomquist's evidence in its entirety, it appears that when plaintiff left the work on March 29, 1946, he had completed all the exterior work with which he was chargeable, except for installation of sash, doors, and windows.

There is no direct testimony as to how much of the interior finishing the contract bound plaintiff to do, but an examination of the record indicates to us that only the structural part was involved, and that was substantially completed. The undisputed evidence shows that the carpenters, who with the masons and laborers constituted the force which plaintiff was employed to supervise, were laid off by defendant on April 4, 1946, very shortly after plaintiff ceased work. It appears that at that time the structure, as such, was substantially completed. Laying aside the evidence of failure' by Blomquist to procure needed materials, with resulting unavoidable delay of plaintiff's operations, it appears that the structure proper, with the exception of some doors and windows, was complete at the time plaintiff left the job. Inasmuch as Blomquist characterized the agreement as one to "substantially" complete the

building, we feel justified in concluding as a matter of law, setting aside minor defects which we shall consider later, that plaintiff had substantially completed any contract which the evidence warranted the jury in finding and that there was no intentional and unexcused abandonment of the work. While defendant alleged that the workmanship was in several respects defective, she does not contend that the defects and omissions were intentional. A reading of the record convinces us that the trial court was warranted in instructing the jury that the defects were not such as to prevent substantial performance. It properly instructed the jury that they were to deduct the cost of correcting the defects from any verdict that they might find for plaintiff.

■ Defendant complains of exclusion of evidence which, according to her offer of proof, would show that the existing premises, which had been wrecked to make way for the new building, had been rented for $65 a month; that the agreed rental was to be increased to $300 monthly upon completion of the new building; and that, by reason of delays caused by plaintiff's failure to complete, this rental was not received until January 1, 1947.

It might be pointed out first that, although plaintiff made objection to the evidence, it was never ruled upon, and defendant apparently abandoned this line of testimony following a short colloquy with the court. Assuming, however, that the evidence was excluded, we think that it was inadmissible in view of the record. First, the measure of general damages for failure to complete a building within the time called for by the contract is the fair rental value of the property. Dickinson & Gillespie, Inc. v. Kirkwood, 204 Minn. 401, 283 N. W. 725. However, this may not be proved by evidence of a specific contract to rent. Damages caused by a loss of a specific opportunity to rent are not general, but special. McCormick, Damages, § 170, citing Vaughn v. Conran (Mo. App.) 20 S. W. (2d) 968, a case squarely in point. While not exactly in point, Novelty Iron Works v. Capital City Oatmeal Co. 88 Iowa 524, 55 N. W. 518, and Covode v. Principaal, 110 Mich. 672, 68 N. W. 987, tend to substantiate this conclusion. As pointed out

in the Dickinson & Gillespie case, special damages are not recoverable in the absence of a showing that they were within the contemplation of the parties when the contract was made. Inasmuch as the record before us contains no such showing, the evidence would be properly excluded. Second, we have already pointed out that the facts would not sustain a finding that plaintiff failed to substantially complete his contract. Furthermore, plaintiff did not contract to provide a finished building in a rentable condition, but to complete only the structural part of it. It must follow that any loss of rental caused by delay in the final completion of the building was not chargeable to plaintiff. Liljengren Furniture & Lbr. Co. v. Mead, 42 Minn. 420, 44 N. W. 306. See cases collected in Annotation, 125 A. L. R. 1242.

■ Defendant next complains of the trial court's refusal to permit her to amend her counterclaim to conform to the proof as to the amount of damages necessary to correct the building's defects. One of defendant's witnesses, who finished the interior, testified that because the apertures in the brickwork for windows and doors were not plumb and square considerable chipping was necessary to square them so that they could receive the sash. He gave his opinion of the cost of correcting the building's defects as $1,000. However, on cross-examination, he particularized as to the number of man days required to correct the defects. Computed on union scale wages, the total was $244.80, and prior to submission of the issues to the jury the trial court permitted defendant to raise the amount of damages claimed in her counterclaim for defects from $200 to $244.80. Defendant contends that plaintiff, by permitting defendant's witness to give, without objection, an opinion of these damages in excess of the amount pleaded, consented to the litigation of the increase in damages and that the amendment should have been permitted as a matter of course. Inasmuch as the jury was not instructed to disregard the evidence, we cannot see how defendant was prejudiced, since it could properly be considered by the jury without an amendment of the pleadings. Isaacson v. M. & St. L. Ry. Co. 27 Minn. 463, 8 N. W. 600; Martini v. Christensen, 65 Minn. 489,

67 N. W. 1019; 2 Pirsig's Dunnell, Minn. Pl. § 1689. However, when there is no express or formal waiver, but it is to be gathered from the course of the trial, it must clearly appear from the record that the parties intended to litigate issues beyond the pleadings. Canty v. Bockenstedt, 170 Minn. 383, 212 N. W. 905; Andrus v. Dyckman Hotel Co. 126 Minn. 417, 148 N. W. 566. We cannot say that such intent can be gathered from the record here.

In Raspler v. Seng, 215 Minn. 596, 598, 11 N. W. (2d) 440, 441, we said:

"The amendment of pleadings on the trial is a matter lying almost wholly in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion." (Citing cases.)

The cases cited by defendant (Gracz v. Anderson, 104 Minn. 476, 116 N. W. 1116; Troutman v. Gates, 145 Minn. 1, 176 N. W. 187; Rommel v. New Brunswick F. Ins. Co. 214 Minn. 251, 8 N. W. [2d] 28) only confirm the rule. The trial court's action was clearly within its discretion.

■ The next assignment is a claim of surprise based on the submission of only one form of verdict to the jury. At the beginning of the trial counsel for plaintiff stated:

"It is stipulated between the parties to this action that the following questions may be submitted to the jury for its determination. One, the amount if any this plaintiff is entitled to recover as against the defendants or any of them. Two, the amount that the defendant, Nash, is entitled to recover against the plaintiff on her counter claim. All other issues to be determined by the findings of the Court and, after the jury has answered the above questions."

In a discussion in chambers between the court and counsel after the close of the testimony, the court denied a motion for a third form of verdict "which would allow the consideration for a basis of recovery by the jury on the defendant's counter-claim," on the ground that the jury might deduct the expense of correcting any defects from the amount of the verdict for plaintiff. During the

course of its charge, the trial court told the jury that there would be two forms of verdict. At that point, a discussion between court and counsel, the text of which does not appear in the record, intervened. The court then proceeded to charge that there would be one form of verdict, permitting the jury to "find for the plaintiff and against the defendant Nash and fix the amount of his recovery in the sum of blank dollars." Defendant contends that she based her argument to the jury in part upon the understanding that may be implied from the discussion in chambers, namely, that the jury would have two forms of verdict before them; that the argument by counsel of the issues of law which would be placed before the jury was of benefit to the litigants; and that in the case of requested instructions this right is preserved by M. S. A. 546.14, which requires requested instructions to be submitted in advance of the argument for a ruling.

Again, so far as the rule of law is concerned, defendant is correct. Latourelle v. Horan, 212 Minn. 520, 4 N. W. (2d) 343. However, we do not believe that the rule applies in the circumstances of this case. The rule's corollary is that if the charge as given substantially covers the propositions of law involved in the requests, so that when counsel makes his argument he is aware of the propositions of law that are eventually placed before the jury, there is no error. Anderson v. Foley Bros. 110 Minn. 151, 124 N. W. 987. If defendant here is to avail herself of the rule, it must appear that the failure to submit a second form of verdict in accordance with the understanding reached in chambers had the effect of depriving her counsel of the opportunity to argue a proposition of fact which, because of the omission, became important to the case. Nelson v. Gjestrum, 118 Minn. 284, 136 N. W. 858. The case before us does not present that situation. The law applicable to this case (Snider v. Peters Home Bldg. Co. 139 Minn. 413, 167 N. W. 108, *supra*) required that plaintiff recover the contract price, less the sum necessary to correct the defects caused by faulty workmanship. The second form of verdict would present the latter issue to the jury, but the withdrawal of the second form of verdict did not withdraw that issue, nor did it

insert a new one. The charge as given clearly informed the jury of defendant's right to a deduction for defects.

The granting of a new trial for surprise is largely within the discretion of the trial court and will rarely be reversed on appeal. 5 Dunnell, Dig. & Supp. § 7118. It should not be granted unless there is a strong probability that a new trial would result differently. Hull v. Minneapolis St. Ry. Co. 64 Minn. 402, 67 N. W. 218; Leonard v. Schall, 125 Minn. 291, 146 N. W. 1104, Ann. Cas. 1915C, 922. We see no justification for disturbing the ruling of the trial court.

■ Lastly, defendant contends that the charge did not adequately submit the issues to the jury. We have decided in the foregoing discussion that no recovery for loss of rent was justified and that the trial court correctly charged that there was substantial performance. The only issues remaining were the amount of plaintiff's recovery and the amount to be deducted for defective workmanship. While the charge could have been more complete, we feel that it was adequate as to these issues. We see no merit in defendant's claim that plaintiff forfeited his lien by wilfully claiming more than was due him, in view of the fact that plaintiff withdrew his claim at the trial for items that had been paid. There was no showing that the inclusion of these items was more than inadvertence. Aaby v. Better Builders, Inc. 228 Minn. 222, 37 N. W. (2d) 234.

The case is remanded to the trial court for correction of the conflict between finding of fact V and conclusion of law I as to the amount of attorney's fees to be allowed plaintiff, and is in all other respects affirmed. Plaintiff is allowed his costs and disbursements in this court.

So ordered.