Diane L. GUNDERSON, Appellant,

v.

Andrew C. OLSON, et al., Respondents.

No. C1–86–862.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 18, 1987.

Richard W. Johnson, Johnson & Utter, Minneapolis, for appellant.

Lee L. LaBore, Lee L. LaBore & Associates, Ltd., Hopkins, for respondents.

Considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant, Diane Gunderson, brought suit against respondents, Andrew and Stacey Olson, for injuries she sustained in an automobile accident. The jury found that appellant was 20% negligent and respondents were 80% negligent and that appellant's damages totaled $24,500. Appellant's motion for a new trial was denied. On appeal she argues that a new trial was warranted based on the admission of surprise evidence obtained through the *ex parte* use of a subpoena and because of the improper use of a hypothetical question. Appellant also claims that the trial court erred when it invaded her general damage award to offset the no-fault benefits she received. We affirm in part, reverse in part and remand.

## FACTS

On May 15, 1983, appellant and respondent, Stacey Olson, were involved in an accident when their automobiles collided at an intersection. At the time appellant was thirty-seven years old and owned a Jazzercise franchise.

Appellant complained of pain in her back and neck as a result of the accident and sought chiropractic and medical treatment. The pain intensified, and eventually appellant was not able to maintain her schedule as a Jazzercise instructor. In July 1983, she sold her Minneapolis franchise and bought a smaller franchise in Portland, Oregon. Her back pain continued to grow worse, and she was forced to further restrict her instruction.

Finally in February 1985, appellant had surgery for a herniated disc. After this surgery she sold her franchise in Portland because she was unable to continue as a Jazzercise instructor. At trial there was conflicting medical testimony about whether the spinal injuries that eventually required surgery were the result of the car accident or originated from other trauma.

## ISSUES

1. Did admission of appellant's resume warrant a new trial where there was no objection to the evidence at trial?

2. Was a hypothetical question used by respondent so prejudicial as to warrant a new trial?

3. Did the trial court err in calculating the offset for no-fault benefits?

## ANALYSIS

### I.

Appellant claims that she was prejudiced by the admission of surprise evidence, which was a copy of her resume. Respondents' counsel obtained this evidence when in mid-trial he subpoenaed appellant's insurer's file. Appellant alleges that such procedure was improper.

One of the documents in the insurer's file was a copy of appellant's resume that listed her health as excellent. At trial, appellant's counsel did object to other material taken from this insurance file, but when the resume was offered into evidence he stated: "Nothing wrong with that. We don't have any objection." On appeal, appellant argues that she was surprised by the evidence of her resume and was therefore prejudiced.

Whether to grant a new trial based on a claim of surprise is "largely within the discretion of the trial court and will rarely be reversed on appeal." *Sward v. Nash,* 230 Minn. 100, 109, 40 N.W.2d 828, 833 (1950). A new trial should be granted only if there is a strong probability that it will render a different result. *Id.* In cases such as the present, where there is no objection at the time the evidence is offered, no claim of surprise at trial and no request for a continuance, trial courts are well within their discretion to deny a motion for a new trial. *See Swanson v. Williams,* 303 Minn. 433, 228 N.W.2d 860 (1975); *DeRemer v. Pacific Intermountain Express Co.,* 353 N.W.2d 694 (Minn. Ct.App.1984).

## II.

Appellant next contends that certain elements in a hypothetical question presented to an expert witness by respondents' counsel had a "devastatingly prejudicial" effect on the jury and warrants a new trial. At trial the only aspect of the hypothetical question to which appellant's counsel specifically objected was a reference to a chiropractor's shorthand notations on appellant's treatment record which, arguably, indicated the presence of a prior back injury. Appellant claims it was error to include these facts because these notations were not admitted into evidence and there was no testimony as to the actual meaning of the notations.

Formerly, the rule was that a hypothetical question could not contain facts that were not in evidence. However, Minn.R. Evid. 703 provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Under this rule the fact that the notes were not admitted into evidence would not preclude their use in the hypothetical question. While we recognize that the notes on the chiropractor's chart were not interpreted by the expert witness or made known to him through any source except counsel's speculative interpretation, there was evidence of appellant's other back and leg injuries presented through additional witnesses, including appellant herself.

Appellant points to other alleged errors in the hypothetical question that were not specifically objected to at trial. These alleged errors include an inaccurate date and the inclusion of disputed facts. The general rule is that a hypothetical question should contain all the material facts relevant to the subject on which the witness is asked to express his opinion. *Wenner v. Gulf Oil Corp.,* 264 N.W.2d 374, 381 (Minn.1978). Minor inaccuracies or omissions, however, are "often overlooked by the courts." *Id.* A hypothetical question does not have to be confined to undisputed facts. *Grapentin v. Harvey,* 262 Minn. 222, 226, 114 N.W.2d 578, 580 (1962).

The trial court found that: "The conduct of [respondents'] counsel did not deprive [appellant] of a fair trial. The jury heard all the testimony and took nearly two days to arrive at a verdict." In *Grapentin* the supreme court, referring to hypothetical questions, stated:

The trial judge should be given discretion to determine how far counsel can and must properly limit his questions and how far the jury may be trusted, with the aid of argument, to discover the conditional nature of the opinion.

*Id.* at 226, 114 N.W.2d at 581. In *Werner,* 264 N.W.2d 374, the supreme court reviewed alleged error in a hypothetical by asking:

whether the question contained enough facts to permit the expert to give a reasonable opinion which is not based on mere speculation or conjecture and which is not misleading to the jury.

*Id.* at 381. We must agree with the trial court that the claimed errors in this one

hypothetical question did not mislead the jury in reaching its final conclusion.

## III.

 Finally, appellant argues that the trial court improperly calculated the damage award. We agree. Appellant's insurer paid $14,497.85 for medical expenses and $9,389.49 for lost earnings. The jury awarded appellant $7,500 for medical expenses; $8,000 for lost earnings and $9,000 for damages other than medical and earnings. To calculate the total award, the trial court determined that the damages for medical expenses and lost earnings, $15,-500, had already been compensated by no-fault benefits. The trial court then subtracted the $15,500 from 80% of the total jury award, $19,600, for a net award to appellant of $4,100.

In *Tuenge v. Konetski*, 320 N.W.2d 420, 421 (Minn.1982) the supreme court indicated that one of the purposes of Minn. Stat. § 65B.51, subd. 1 is to provide offsets to avoid duplicate recovery. In *Tuenge*, the insured received no-fault benefits for lost wages in excess of the jury award and the trial court deducted the full amount of the no-fault benefit from the total jury award. The supreme court found this method of calculation to be error because the deduction: "effectively invaded plaintiff's recovery for uncompensated items of damage such as future wage loss and non-economic detriment." *Id.* at 422.

Likewise, in the present case, the no fault benefits should have been applied only to the specific damage award. The result would be an entire offset of the jury award for medical expenses and lost earnings and no invasion of the general damage award. The award of $9,000 for general damages should have been subject only to the 80% calculation for respondents' negligence. Appellant's net award should have been $7,200.

## DECISION

The trial court did not abuse its discretion when it denied appellant's motion for a new trial based on evidentiary errors and surprise.

The trial court's calculation of appellant's damage award was in error and on remand it should be recalculated according to *Tuenge v. Konetski*, 320 N.W.2d 420.

Affirmed in part, reversed in part and remanded.