### E. L. WENTWORTH v. WILLIAM S. STONE.[1]

June 6, 1924.

No. 23,952.

**Real estate broker entitled to commission for making a sale.**

1. In this action to recover the stipulated commission on a sale of real estate, the evidence sustains the findings.

**Denial of new trial because of newly discovered evidence proper.**

2. The motion for a new trial on the ground of newly discovered evidence was correctly denied as the writing alleged to have been newly discovered was in the possession of the party at the time of the trial.

Action in the municipal court of Minneapolis by a person doing business as Wentworth Investment Company to recover $350 broker's commission. The case was tried before Charles L. Smith, J., who made findings and ordered judgment in favor of plaintiff for $300. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*W. H. McDonald,* for appellant.

*R. A. Scallen,* for respondent.

[1]Reported in 199 N. W. 110.

TAYLOR, C.

This action is brought on a written contract to recover a broker's commission on the sale of a house and lot in the city of Minneapolis. The trial court made findings and directed judgment in favor of plaintiff, and defendant appeals from an order denying a new trial.

Defendant contends that the findings are not sustained by the evidence.

The execution of the contract is admitted. It gave plaintiff the exclusive right to sell the property for a period of fifteen days, and thereafter until he received "a ten days' written notice terminating this agreement." By its terms defendant agreed to pay plaintiff the stipulated commission on any sale or contract for sale made while it remained in force, whether such sale was made by plaintiff or defendant.

Shortly after the expiration of the 15 days, plaintiff produced a proposed purchaser who was willing to purchase but, before any binding contract had been executed, defendant himself sold the property to a third party.

Defendant alleged in his answer and testified at the trial that, at the time he executed the contract with plaintiff, he objected to the clause which provided that the contract should continue in force until terminated by giving a "ten days' written notice" and insisted that it be stricken out, and that plaintiff's agent promised to strike it out, but fraudulently omitted to do so. Plaintiff's agents testified that no such objection was made and no such promise given. This was the controlling fact in dispute at the trial and the evidence amply sustains the findings in favor of plaintiff.

Defendant based his motion for a new trial in part on the claim of newly discovered evidence. He sold the property on May 26, 1922. He alleged, in his answer, that on May 24, 1922, he notified plaintiff in writing that the contract was terminated. To sustain this allegation, he offered in evidence a letter dated May 24, 1922, which he had written to plaintiff. The letter did not purport to cancel the contract, but the court ruled that, even if it was intended to do so, the contract was still in force at the time the sale was

made as the ten days had not then expired. On the motion for a new trial plaintiff filed his own affidavit to the effect that, after a diligent search made since the trial, he had found the duplicate of a notice expressly canceling the contract, dated May 6, 1922, the original of which had been mailed to plaintiff. This notice is the evidence alleged to have been newly discovered. No reference to such notice was made during the trial. The duplicate was in defendant's possession and no excuse is given for failing to produce it at the proper time. Under well settled rules, presenting it now constitutes no ground for a new trial. 2 Dunnell, Minn. Dig. § 7128.

We find no errors in the rulings and no other matters requiring consideration. The order is affirmed.