# GUNNAR SWANSON v. JOHN WILLIAMS AND OTHERS.

228 N. W. 2d 860.

April 11, 1975—No. 44754.

*Marvin A. Holt,* for appellant.

*Altman, Geraghty, Mulally & Weiss* and *J. H. Geraghty,* for respondent Lannin.

*Faegre & Benson, G. Alan Cunningham,* and *John H. Hinderaker,* for respondent Eli Lilly.

*Coulter, Nelson & Sullivan* and *Mark Sullivan,* for respondent hospital and others.

Heard by Sheran, C. J., and MacLaughlin and Chanak, JJ., and considered and decided by the court.

SHERAN, CHIEF JUSTICE.

In this medical malpractice case plaintiff appeals from an order of the Ramsey County District Court denying his motion for a new trial. We affirm.

Plaintiff, Gunnar Swanson, was admitted to Midway Hospital in May 1969 for emergency care for a ruptured appendix. Fol-

434

lowing surgery, he was treated with drugs including Keflin and Loridine, manufactured by defendant Eli Lilly & Company. His postoperative condition deteriorated and, on June 26, 1969, he suffered a massive stomach hemorrhage as a result of a stress ulcer. Plaintiff began experiencing trouble with his eyesight around June 19, 1969. By June 30, he was totally blind. The immediate cause of the blindness was later determined to be inflammation of the optic nerve.

Plaintiff brought this action against the manufacturer, alleging that the drugs Loridine and Keflin were the proximate cause of the optic inflammation, and against attending physicians and the hospital, alleging negligence in administering the drug and in their care of him.

At trial, all three of the expert medical witnesses called by plaintiff testified that the blindness was caused by the stress ulcer and not the drugs. At the close of plaintiff's case, the trial court granted motions of defendants for dismissal with prejudice because of plaintiff's failure to establish a prima facie case of negligence.

Following the trial, plaintiff was examined by a physician who indicated a willingness to testify on his behalf. Plaintiff's counsel filed a motion for new trial under Rule 59.01, Rules of Civil Procedure. It was denied as untimely and without substance.

On appeal, plaintiff asserts that his motion for a new trial should be considered as having been made under Rule 60.02(1) and (2). This rule permits a court to grant a new trial where the appropriate grounds could not have been found in time to move for a new trial under Rule 59.03. We will assume for purposes of this decision that the new trial motion made below was made under Rule 60 and will deal with plaintiff's claims on the merits.[1]

■ Plaintiff claims that he was surprised by certain testimony given at the trial. One of the several doctors who examined

---

[1] The trial court discusses and rejects the claims of surprise and newly discovered evidence in its memorandum.

plaintiff during his hospitalization made this written observation on plaintiff's progress sheet on June 27, regarding possible causes of his kidney damage:

"* * * No. 3. Uremia secondary to dehydration and perhaps renal damage from Loridine or hypotension * * *."

This notation was read into the record on direct examination by plaintiff's counsel. On cross-examination, when asked what he thought the cause of the blindness to be, the doctor testified that it was due to the stress ulcer. Plaintiff claims he was surprised by this later testimony, since it varies from the doctor's initial observations on the hospital chart.

As we view the record, there is nothing to support the claim of surprise. Plaintiff's own affidavit, filed in support of the new trial motion, reveals that prior to trial he asked this attending physician whether he would testify that blindness was caused by Loridine and the doctor replied in the negative. Knowledge of what testimony will or will not be precludes surprise. Clark v. Davis, 153 Minn. 143, 190 N. W. 45 (1922), certiorari denied, 261 U. S. 621, 43 S. Ct. 432, 67 L. ed. 831 (1923). No claim of surprise or request for continuance was made at the time the testimony was given. The trial court acted well within its discretion in denying plaintiff's motion for a new trial on the ground of surprise. Sward v. Nash, 230 Minn. 100, 40 N. W. 2d 828 (1950); Sanchez v. Waldrup, 271 Minn. 419, 136 N. W. 2d 61 (1965).

■ Plaintiff also asserts that he is entitled to a new trial because of newly discovered evidence. This claim is based on the fact that a physician is now prepared to testify on the issue of causation and the failure of the defendants to conform to applicable standards of medical skill and care. The proffered testimony was not available at the time of trial because this expert was not consulted until trial of the case had been completed. To justify a new trial on the ground of newly discovered material evidence it must clearly be shown that the new evidence is not merely cumulative, contradictory, or impeaching. Minder v. Peterson,

254 Minn. 82, 93 N. W. 2d 699 (1958). Also, the evidence must be such as will likely affect the outcome of the case. Cut Price Super Markets v. Kingpin Foods, Inc. 256 Minn. 339, 98 N. W. 2d 257 (1959). The trial judge had unique opportunity to hear the testimony at trial over a period of several days and to evaluate the request for a new trial in light of the evidence adduced. We feel it properly exercised its discretion in denying plaintiff's motion. Wurdemann v. Hjelm, 257 Minn. 450, 102 N. W. 2d 811, certiorari denied, 364 U. S. 894, 81 S. Ct. 222, 5 L. ed. 2d 187 (1960).

Generally, to be "newly discovered evidence" within the meaning of Rule 60.02(2) evidence must have been in existence at the time of trial but not known to the party at that time. Wentworth v. Stone, 159 Minn. 464, 199 N. W. 110 (1924). This would not include expert testimony procured following trial. However, plaintiff argues that the difficulty of obtaining expert medical testimony in malpractice cases calls for an exception to this rule and mandates a retrial of the case when an expert is discovered.

The emergence of a favorable expert witness subsequent to trial in a case of medical malpractice does not justify a holding that the trial court loses its discretion in evaluating new trial motions. We recognize there is authority for the proposition that expert testimony cannot be considered newly discovered evidence under any circumstances.[2] We do not base affirmance on this line of authority. We hold, instead, that the trial court properly exercised its discretion in denying plaintiff's motion for a new trial on the grounds of surprise and newly discovered evidence. Schiro v. Raymond, 237 Minn. 271, 54 N. W. 2d 329 (1952); Austin v. Rosecke, 240 Minn. 321, 61 N. W. 2d 240 (1953).

Affirmed.

MR. JUSTICE OTIS and MR. JUSTICE KELLY took no part in the consideration or decision of this case.

---

[2] Clark v. Banner Grain Co. 195 Minn. 44, 261 N. W. 596 (1935); Eller v. Paul Revere Life Ins. Co. 230 Iowa 1255, 300 N. W. 535 (1941); 66 C. J. S., New Trial, § 102; 58 Am. Jur. 2d, New Trial, § 170.