Robert Gene MULKINS, Marilyn L. Mulkins, Roscoe M. Mulkins and Pauline L. Mulkins, Appellants,

v.

BOARD OF SUPERVISORS OF PAGE COUNTY, Iowa, Appellee.

No. 66364.

Supreme Court of Iowa.

Feb. 16, 1983.

Charles L. Coulter of Stephens, Millhone, Coulter & Biggs, Clarinda, for appellants.

Stephen P. O'Meara, Page County Atty., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

LeGRAND, Justice.

This appeal raises questions concerning plaintiffs' right to have a bridge rebuilt by the county and a claim for damages because the defendant board refused to do so. The trial court found against plaintiffs on both issues. We affirm the trial court.

Robert Gene Mulkins and his wife, Marilyn L. Mulkins, are the present owners of farm land which they purchased in 1973 from Robert's parents, Roscoe M. Mulkins and Pauline L. Mulkins. The land is in two tracts separated by the Nodaway River. A county road, including the bridge spanning the Nodaway River, permitted ingress and egress between the two tracts. In September, 1972, prior to the time that Robert M. Mulkins and his wife purchased the land, a heavy rain washed this sixty-year-old bridge away. Although there was still ac-

cess to both tracts by public roads, plaintiffs were then required to travel a longer route between them. In wet weather, because the road would not accommodate heavy farm machinery, the additional trip was approximately four miles; in dry times it was approximately two.

The board initially intended to replace the bridge and applied for federal funding to finance the project. Partial federal funding was obtained. The board later determined not to rebuild and returned the grant funds to the federal government.

In March of 1975 plaintiffs, along with several other land owners, petitioned the board to rebuild the bridge. This petition, as well as a second effort made a year later, was unsuccessful. In the fall of 1977 the board began proceedings to vacate the county road of which the bridge formed a part. This plan was eventually abandoned. All this time, of course, plaintiffs were without the use of the bridge.

Shortly thereafter plaintiffs filed this mandamus action, asking that the board be ordered to rebuild the bridge pursuant to Iowa Code section 455.118. Plaintiffs also asked damages because the board had ignored this statutory duty for more than five years. The case was tried to the court, partially at law and partially in equity. The trial court ordered the board to replace the bridge pursuant to Iowa Code section 455.118. The trial court also held plaintiffs had failed to prove damages and denied their claim. Plaintiffs filed notice of appeal on the question of damages. Later the trial court vacated that portion of the judgment ordering defendant to rebuild the bridge. Plaintiffs then appealed from that order. The two appeals were consolidated and are considered here together.

Plaintiffs raise two issues. One concerns the mandamus action, which was first decided in favor of plaintiffs by a decree which was later vacated on the ground of newly discovered evidence. This part of the case was tried in equity. The second question involves plaintiffs' right to damages, which was tried as a law issue.

Before discussing these specific issues, we consider briefly one matter which runs throughout plaintiffs' argument and which they rely on both as to the vacation of the mandamus decree and the denial of damages. It is their claim of vested right in the public road and their insistence that, once a statutory duty to rebuild the bridge was established, the county could not thereafter vacate the road to avoid compliance with the decree.

■ We believe this misconceives the authority of the county over secondary roads, including bridges, and the board's duty under Iowa Code section 455.118 and related statutes. The county is given the power and duty to establish, maintain, repair and rebuild secondary roads and bridges. *Larsen v. Pottawattamie County,* 173 N.W.2d 579, 581 (Iowa 1970); Iowa Code §§ 306.3(4), 306.4(2), 306.10. By statute the county has the power to vacate as well as to establish roads. *Bricker v. Iowa County Board of Supervisors,* 240 N.W.2d 686, 690 (Iowa 1976); Iowa Code § 306.10. We hold plaintiffs did not acquire a vested right in this public highway or this public bridge.

Our statutes set out the procedure for vacating roads. This includes a hearing, after notice to interested parties, who have a right to object and make claim for damages. Iowa Code §§ 306.10–306.14. All the statutory requirements were observed in the present case, and plaintiffs do not challenge them. We therefore take it that the vacation of the road was proper and that the standards of *Bricker v. Iowa County Board of Supervisors,* 240 N.W.2d 686, 690 (Iowa 1976) were met.

■ The situation is different as to plaintiff's claim for damages. If the failure of the county to rebuild the bridge was under circumstances which resulted in liability, plaintiffs would be entitled to recover the damages they suffered. No later action by the county could deny plaintiffs this claim. With these general observations in mind, we consider the specific matters raised by this appeal.

*I. The Mandamus Action.*

The trial court ordered defendant to rebuild the bridge pursuant to its statutory duty under Iowa Code section 455.118, which provides in pertinent part:

When such levee, ditch, drain, or change of any natural watercourse crosses a public highway, necessitating moving or building or rebuilding any secondary road, bridge upon, or ditch or drain crossing such road, the board of supervisors shall move, build, or rebuild the same, paying the costs and expenses thereof, including construction, maintenance, repair and improvement costs, from the secondary road fund.

It is admitted the bridge in question is within the purview of this statute. Instead of complying with the decree, however, the board promptly took steps to vacate the secondary road of which the bridge was a part. It also initiated proceedings to dissolve the drainage ditch which included the Nodaway River pursuant to Iowa Code section 455.116. As already noted, the proceedings by which these actions were accomplished are not challenged on this appeal.

The board then filed a motion under Iowa R.Civ.P. 252(f) asking that the mandamus decree be vacated on the ground of newly discovered evidence. This motion was resisted, a hearing was held, and the trial court vacated its prior decree to the extent that it ordered defendant to rebuild the bridge. The relevant portion of the trial court's ruling is set out here:

The lawful and legitimate acts of the ... Board of Supervisors in dissolving Drainage District No. 9 and in vacating the described roadway ... constitute new, material evidence within the meaning of the Iowa Rules of Civil Procedure, affecting the prior Order of Court and Decree entered herein.

As a public road no longer crosses a drainage ditch at the bridge site in issue ... [the] Board of Supervisors should no longer be compelled to build or reconstruct a bridge at the site in issue.

The previous Order of Court and Decree of this court should be vacated only to the extent that said previous order requires Defendants to build or reconstruct a bridge at the site in issue.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that new material evidence having been presented by Defendant, [the] defendant Board of Supervisors ... shall not be required to build or reconstruct a bridge at the site in issue spanning the East Nodaway River . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Writ of Mandamus issued by the Page County Clerk of Court ... pursuant to the Order of Court and Decree entered on January 20, 1981 is hereby quashed and declared null and void.

Plaintiffs assert this vacation of the prior decree was improper because the trial court erroneously found evidence which came into existence *after* the trial to be newly discovered evidence. They argue "newly discovered evidence" means evidence which existed at the time of trial but which was not discovered until after the trial.

The pertinent part of Rule 252 is as follows:

Upon timely petition and notice ... the court may correct, vacate or modify a final judgment order, or grant a new trial on any of the following grounds:

. . . .

(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time of moving for a new trial under R.C.P. 244.

Plaintiffs' argument has considerable merit. Ordinarily newly discovered evidence as the term is used in Rule 252 is limited to evidence which existed at the time of trial but which, for excusable cause, the party was unable to produce at that time. *Wilkes v. Iowa State Highway Commission,* 186 N.W.2d 604, 607 (Iowa 1971). There is, however, authority that when it is

no longer just or equitable to enforce a judgment, facts which occurred *after* its rendition may be considered in deciding whether it should be vacated or whether a new trial should be granted.

*Restatement (Second) of Judgment* § 73 (1982) provides:

§ 73. Changed Conditions

Subject to the limitations in § 74, [which are not present here], a judgment may be set aside or modified if:

(1) The judgment was subject to modification by its own terms or by applicable law, and events have occurred subsequent to the judgment that warrant modification of the contemplated kind; or

(2) There has been such a substantial change in the circumstances that giving continued effect to the judgment is unjust.

Most of the cases granting relief on post-trial events have done so when the new evidence, although arising after trial, goes to a condition which existed at the time of trial. *See, e.g., Bridgham v. Hinds,* 120 Me. 444, 452, 115 A. 197, 201 (1921); *Swanson v. Williams,* 303 Minn. 433, 435–36, 228 N.W.2d 860, 862–63 (1975); *Piper v. Piper,* 239 N.W.2d 1, 4 (N.D.1976); *Chemical Leaman Tank Lines, Inc. v. Trinity Industries, Inc.,* 478 S.W.2d 114, 118 (Tex.App.1972) (distinguishing *Forshagen v. Payne,* 225 S.W.2d 229, 231 (Tex.App.1949)).

A case shedding some light on this question is *Wilkes v. Iowa State Highway Commission,* 186 N.W.2d 604, 607 (Iowa 1971), which states:

Inceptionally it must be understood the term "newly discovered evidence" refers to facts existing at trial time of which the aggrieved party was then excusably ignorant. [Citations omitted.]

*Wilkes,* however, also refers with apparent approval to this from 66 C.J.S. *New Trial* § 101, at 294 (1950):

In any but an extraordinary case in which an utter failure of justice will unequivocally result, evidence of facts not in existence at the time of trial, such as

evidence which was not available at the time of the trial but rather was the result of changed conditions since the trial, is not generally regarded as constituting a ground for new trial because of newly discovered evidence, . . . .

■ The import of all this is that, except in extraordinary cases, "newly discovered evidence" is evidence existing at the time of trial but not produced at trial for excusable reasons. We believe this is one of those cases in which an exception to this general rule should be recognized.

■ Although performance of the mandamus decree would not result in the "utter failure of justice" referred to in the above C.J.S. quotation, it would be a totally useless and futile act. Courts should not demand enforcement of a decree when subsequent events have made that course vain and worthless. One may indeed question the rather shabby treatment the board has accorded these plaintiffs, but this was done with statutory authority by proceedings plaintiffs do not challenge on this appeal. Limiting our finding to the particular circumstances of this case, we hold the trial court did not err in vacating the mandamus decree.

II. *Damages.*

■ The result reached in Division I does not resolve the question of damages. If defendant wrongfully refused to perform its statutory duty and plaintiffs were damaged, they are entitled to recover for damages proven, up to the time the secondary road was vacated. This is not a claim for damages resulting from vacating the road, which may be asserted under Iowa Code § 306.14. It is a claim for damages suffered because the county refused to rebuild a bridge as required by section 455.118. The trial court found plaintiffs failed to prove their loss. This issue was tried at law. We are bound by the trial court's findings if there is substantial support for them. Iowa R.App.P. 14(f)(1).

■ Plaintiffs asserted two general bases for damages. One was the added ex-

pense, inconvenience, and loss of time involved in travelling for a number of years the extra distance between the two tracts after the bridge wash-out. There was no basis upon which the trial court could allow damages for this. Plaintiffs kept no records, had no data to support the claim, and gave the trial court no grounds for finding the amount of their loss. We find no error in the trial court's ruling.

Plaintiffs also claim damages for diminution in the market value of the farm because, after the wash-out, there was no longer convenient access between the two tracts. There was evidence to support this theory by both plaintiffs and defendant. The trial court denied recovery because this circumstance was not a factor in the sale from Roscoe to his son, Robert. The trial court found that Robert took the farm after the wash-out occurred and therefore lost no right of access he had previously enjoyed. Roscoe admitted at trial that the sale price was not affected by the lack of access. Thus he suffered no damage either. There is substantial evidence to support these findings, and we therefore affirm the judgment disallowing money damages.

AFFIRMED.