Robert Gene **MULKINS** and Marilyn L. Mulkins, Appellants,

v.

**BOARD OF SUPERVISORS OF PAGE COUNTY, Iowa, Appellee.**

No. 84–1090.

Supreme Court of Iowa.

Sept. 18, 1985.

James N. Millhone of Stephens & Millhone, Clarinda, for appellants.

Stephen Patrick O'Meara, Page Co. Atty., Clarinda, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN and WOLLE, JJ.

REYNOLDSON, Chief Justice.

This appeal, involving road vacation damages, marks another chapter in the long history of litigation between these parties. *See Mulkins v. Board of Supervisors*, 330 N.W.2d 258 (Iowa 1983) (*Mulkins I*). Plaintiffs Robert Gene and Marilyn L. Mulkins (Mulkins) filed a petition in district court appealing the defendant board's denial of damages in the vacation proceeding. Upon the board's motion, the district court struck certain allegations from the petition. We granted Mulkins' application for appeal to this court and now affirm in part, reverse in part, and remand.

Both parties agree we accurately summarized the underlying facts in *Mulkins I*, 330

N.W.2d at 259–60. That appeal, as our opinion's lead sentence pointed out, involved Mulkins' "right to have a bridge rebuilt by the county and a claim for damages because the defendant board refused to do so." *Id.* at 259. We held the district court did not err in considering the subsequent vacation of the road in nullifying its writ of mandamus that required the county to rebuild the washed-out bridge over East Nodaway River. *Id.* at 262. We also affirmed trial court's denial of past damages for Mulkins' additional circuitous travel between their tracts segmented by the river, on the ground the skimpy evidence provided no basis for arriving at any amount. *Id.* at 263. Finally, we affirmed the district court holding the board's failure to rebuild the bridge caused no damage to Mulkins arising from the diminution of value of their farm because it was not a price factor when they acquired the farm after the bridge washout. *Id.*

In *Mulkins I*, however, we pointed out we were not then confronted with "a claim for damages resulting from vacating the road, which may be asserted under Iowa Code § 306.14." *Id.* at 262. That time now has arrived.

Certain time sequences are critical in our analysis.

October 5, 1978, Mulkins filed a petition in district court, praying for a writ of mandamus to issue requiring the board to rebuild the East Nodaway bridge.

November 13, 1980, the county gave notice of vacation of the road abutting the Mulkins farm, including the site of the former bridge.

January 20, 1981, the district court, following trial upon Mulkins' petition, issued a writ of mandamus commanding the board to rebuild the bridge.

May 21, 1981, after a May 7, 1981, hearing, the board ordered the road vacated and denied Mulkins' claim for damages.

June 8, 1981, Mulkins filed a petition in district court pursuant to Iowa Code sections 306.17 and 472.22, appealing the

board's denial of damages, and demanded a jury trial.

September 23, 1981, the district court, upon the board's motion, entered an order in the prior mandamus action, nullifying the writ. Mulkins appealed from this order and the prior order denying damages for failure to rebuild the bridge. We affirmed in *Mulkins I,* filed February 16, 1983.

April 12, 1983, Mulkins filed "Plaintiffs' First Amended and Substituted Petition on Appeal" in this road vacation proceeding.

June 20, 1983, the board filed a Motion to Dismiss and Motion to Strike certain allegations and counts of the amended petition.

July 12, 1984, district court struck two counts of Mulkins' petition, about which no complaint is made, but also struck a number of allegations from the remaining two divisions that detailed the history of the bridge controversy and that a writ of mandamus had been issued to compel the board to build the bridge. The court adopted the board's contentions that these allegations raised issues "previously adjudicated by the Court, or which are not properly before this Court in this appeal from vacation of roadway." That order generated this appeal.

I. Mulkins asserted in district court, and argue here, the decree in their favor that caused the mandamus writ to issue was a valuable property right that was lost by the board's road vacation and should be considered in the determination of their damages, that is, the diminution in value of their farm. The board argues that in this case Mulkins are attempting to relitigate the same issues resolved in *Mulkins I* and that the district court did not err in striking from Mulkins' petition the allegations relating to the mandamus decree and the history of that proceeding. We first shall consider what relevance, if any, the mandamus decree has in this vacation proceeding, and then determine whether the issues in this case were resolved in *Mulkins I,* thus making applicable the doctrines of claim or issue preclusion.

II. It is undisputed the board vacated this road under the provisions of Iowa Code chapter 306 (1979), entitled "Establishment, Alteration and Vacation of Highways." Section 306.4(2) gives the county board of supervisors jurisdiction over the secondary roads. Section 306.10 grants the county the power to vacate roads and section 306.-11 requires a hearing prior to vacation. Interested persons may appear and object, and abutting owners may file a claim for damages. Iowa Code § 306.14 (1979).

The board does not dispute Mulkins are abutting owners and complied with these procedures. Mulkins timely appealed denial of their damages pursuant to Iowa Code section 306.17:

> [A]ny claimant for damages may ... appeal to the district court ... in the manner and form prescribed in chapter 472 with reference to appeals from condemnations, and *proceedings shall thereafter conform to the applicable provisions of that chapter.*

Iowa Code § 306.17 (1979) (emphasis added). Iowa Code chapter 472 is entitled "Procedure Under Power of Eminent Domain."

■ Our case law is clear that an abutting landowner has a right to damages whenever his or her access is substantially interfered with or cut off by a road vacation. *Fleener v. Board of Supervisors,* 246 N.W.2d 335, 338 (Iowa 1976); *Braden v. Board of Supervisors,* 261 Iowa 973, 979–80, 157 N.W.2d 123, 127 (1968); *Warren v. Iowa State Highway Commission,* 250 Iowa 473, 481, 93 N.W.2d 60, 65 (1958). Moreover, the *Braden* court noted the importance of "severance," caused by the road vacation to the owner's property, in the measurement of damages. *Braden,* 261 Iowa at 979–80, 157 N.W.2d at 127; *see Magdefrau v. Washington County,* 228 Iowa 853, 859, 293 N.W. 574, 576–77 (1940). Just compensation in these circumstances must be paid under article I, section 18 of the Iowa Constitution. *Stom v. City of Council Bluffs,* 189 N.W.2d 522, 525 (Iowa 1971).

This record discloses the Mulkins farm extended one mile along the access-free road in question. The board selected for vacation three-fourths of this mile, including the bridge site, leaving short road segments at both ends of the farm. Absent the road vacation, the board in this case had a statutory duty under Iowa Code section 455.118 to rebuild the bridge. *See Mulkins I,* 330 N.W.2d at 261. This duty was legally established by a trial that resulted in a decree directing a writ of mandamus issue, a final ruling from which no appeal was taken. Thus the matter stood just before the road was vacated. Mulkins had a court-enforced statutory right to have the bridge rebuilt. Their free and unrestricted access to their farm along the full abutting mile of road was subject to no legal impairment. There was only the physical access limitation that resulted from the board's failure to perform its statutory duty.

The proper basis for a damage award in these situations is the difference in the fair market value of the abutting owner's farm immediately before and immediately after the road vacation. *See Dolezal v. City of Cedar Rapids,* 209 N.W.2d 84, 88 (Iowa 1973); *Crozier v. Iowa-Illinois Gas & Electric Co.,* 165 N.W.2d 833, 835 (Iowa 1969); I Uniform Jury Instructions (Civil), Instruction No. 14.3. In the voluntary seller—voluntary buyer equation, *see Stortenbecker v. Iowa Power & Light Co.,* 250 Iowa 1073, 1080, 96 N.W.2d 468, 472 (1959); I Uniform Jury Instructions (Civil), Instruction No. 14.4, "[a]ny factor that would impress a willing buyer in purchasing the farm, if otherwise competent, is both material and relevant for this purpose." *Dolezal,* 209 N.W.2d at 88. The county's judicially-determined statutory duty to rebuild the bridge could be a factor the jury might logically conclude would influence a hypothetical willing buyer in the "before" valuation of the Mulkins farm.

Nor are we convinced the power of the county to escape the duty by a subsequent vacation of the road should prohibit such evidence, even though that possibility might be a factor an expert witness could take into consideration in assigning weight to such a decree and duty in arriving at a fair market value opinion. The issues addressed in the next division aside, and under the pleadings then made, we hold Mulkins had the right to plead and prove a prior abandonment of a road vacation by the county,[1] and the events leading up to and including the decree ordering the board to rebuild the bridge. The allegations relating to events occurring subsequent to the vacation of the road on May 21, 1981, were beyond the critical narrow window of time involved in the "before" and "after" valuation and were properly stricken from the Mulkins' petition.

III. The question remains whether claim or issue preclusion dictate a different result. We extensively discussed the principles of claim and issue preclusion in *Israel v. Farmers Mutual Insurance Association,* 339 N.W.2d 143, 146–47 (Iowa 1983), and will not repeat that discussion here. *See also B & B Asphalt Co. v. T. S. McShane Co.,* 242 N.W.2d 279, 286–87 (Iowa 1976). It is sufficient to note that "[a]n adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination." *Israel,* 339 N.W.2d at 146.

These necessary elements for claim preclusion are absent in this case. There were four plaintiffs in *Mulkins I,* only two here. The claim asserted here is not the claim lodged in the prior proceeding. The fighting issue in *Mulkins I* was whether the county's obligation to rebuild the bridge could be avoided by a vacation of the road. The claim here is for damages

---

1. Stricken allegations in the Mulkins' petition alleged a former notice of road vacation issued by the county in 1977, hearings, and plaintiffs' claim for damages, proceedings that terminated with a board resolution stating, "That the above matter of vacation be not vacated and remain open and that this be their Final Order in the above vacation." The notice of road vacation in this litigation is dated November 13, 1980.

for the road vacation, a controversy that could not have been involved in the mandamus action, as we noted in *Mulkins I,* 330 N.W.2d at 262, because the road was not vacated until four months after the mandamus decree was entered.

The damages addressed in *Mulkins I,* insofar as relevant here, were based on the board's failure to rebuild the bridge, not its vacation of the road. The critical period for determining damages was "up to the time the secondary road was vacated." *Id.* The decision apparently turned on Mulkins' purchase price of the farm without the physical access. This, of course, would not be a controlling factor in the before-and-after fair market value test to be applied in the vacation damage trial. Claim preclusion will not justify striking the above-identified allegations from the Mulkins' petition.

■ Narrowing our focus, issue preclusion prohibits parties from relitigating issues in a subsequent action that were conclusively determined in a prior action in which a judgment was entered. *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981). *Hunter* sets out four prerequisites that must be established before issue preclusion applies. The first requirement is that the issue concluded must be identical. *Id.* What we already have written in this division demonstrates this element is lacking. This finding is reinforced by our observation in *Mulkins I* that

> [t]his is not a claim for damages resulting from vacating the road, which may be asserted under Iowa Code [section] 306.14. It is a claim for damages because the county refused to rebuild a bridge as required by section 455.118.

*Mulkins I,* 330 N.W.2d at 262.

It is noteworthy that in the vacation proceedings before the board the county attorney, responding to Mulkins' objections to the road vacation because the mandamus case was on appeal, filed a reply contending "[t]hat portion of the pending District Court matter now on appeal to the Iowa Supreme Court ... in no way affects the prospective action contemplated by the Board of Supervisors by the vacation of this roadway." Issue preclusion does not require us to reach a conclusion different from that set out in division I.

■ Finally, we briefly address the board's contention that the mandamus decree is unavailable to Mulkins because following the road vacation the decree was vacated on the ground this board action constituted newly discovered evidence. *See* Iowa R.Civ.P. 252(f). The board argues the mandamus action is not to establish a right, but merely to enforce an established right, citing *Stith v. Civil Service Commission,* 159 N.W.2d 806, 808 (Iowa 1968), and that "[w]here a judgment is vacated ... it is as though no judgment had ever been entered." 49 C.J.S. *Judgments* § 306 (1947); *see Miller v. Schlereth,* 151 Neb. 33, 46, 36 N.W.2d 497, 506 (1949).

We may agree with the board's contentions Mulkins had no "vested" right in the road, the bridge, or the mandamus decree. *See Mulkins I,* 330 N.W.2d at 260; *Hinrichs v. Iowa State Highway Commission,* 260 Iowa 1115, 1122, 152 N.W.2d 248, 252 (1967). What Mulkins did have was a *right* of free and convenient access over the roadway later abandoned, which included right of access to their land that lay on the other side of the East Nodaway. *Braden,* 261 Iowa at 977–80, 157 N.W.2d at 126–27.

For the purposes of the narrow window of time involved in assessing Mulkins' damages, the mandamus decree was extant. Allegations in the petition relating to its existence, although arguably evidentiary, were not challenged on that ground by the board's motion and should stand. The board's rationale, followed to its logical end, would prohibit Mulkins from introducing evidence of circumstances that would influence the "before" farm valuation and, consequently, the amount of damages, on the ground those circumstances were changed because of, and following, the road vacation. *See Dolezal,* 209 N.W.2d at 91 ("Defendants' contentions the opinions of [landowning] plaintiffs' experts should

have been stricken because such opinions were based on the invalid assumption the highest and best use of the farm prior to condemnation was for industrial purposes involving erection of structures which could have exceeded the height limitations imposed by the [condemned] clearance easements is without merit."). We hold the board's contentions are without merit in this situation.

For the above reasons we hold district court erred in striking paragraphs 4, 5, 6, 7, 8, 9, and 10 of division I and of division II of Mulkins' petition. The court did not err in striking other paragraphs of those divisions. We therefore affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. Costs are taxed to the board.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.